NO. 07-12-0298-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 22, 2012

_____

MICHELLE LAGRONE,

                                                                            Appellant

v.

THE STATE OF TEXAS,

                                                                            Appellee

_____

FROM THE COUNTY COURT AT LAW NO. 3 OF BELL COUNTY;

NO. 2C09-04307; HONORABLE REBECCA DEPEW, PRESIDING

_____

***Opinion***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Michelle LaGrone appeals her misdemeanor conviction for boating while intoxicated. Her sole issue concerns whether the trial court erred in refusing to suppress evidence obtained after the game warden stopped her. According to the record, appellant had been driving a jet ski on Lake Belton when the warden decided to conduct a safety inspection. He then stopped appellant, conducted his inspection, and noticed (during the inspection) that she exhibited signs of intoxication. Appellant's contention does not involve the legitimacy of the stop or the sufficiency of the indicia

giving rise to the officer's reasonable suspicion to believe she was intoxicated. Rather, we are simply told that because the game warden violated § 31.124 of the Parks and Wildlife Code by not displaying his "credentials," all evidence obtained from the stop was tainted.[1] We overrule the issue and affirm.

The applicable standard of review is described in *State v. Stevens,* 235 S.W.3d 736, 739-40 (Tex. Crim. App. 2007) and *Ford v. State,* 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). We use it to address the issue posed here.

Next, § 31.124 of the Parks and Wildlife Code provides that "an enforcement officer may stop and board any vessel subject to this chapter and may inspect the boat to determine compliance with applicable provisions." TEX. PARKS & WILD. CODE ANN. § 31.124(a) (West 2002). Furthermore, "[a]n officer boarding a vessel shall first identify himself by presenting proper credentials." *Id.* §31.124(b). Nothing in the statute defines the term "boarding." And appellant would have us conclude that it encompasses a situation wherein the operator of the vessel to be inspected leaves that vessel per the direction or request of an officer and goes upon the vessel of the officer.

Words and phrases appearing in a statute must be read in context and construed according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (West 2005). This means that we are to accord them their plain or common

---

[1]Appellant relies on article 38.23 of the Code of Criminal Procedure for her contention evidence of her intoxication should have been excluded. TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005). Appellant does not discuss whether a violation of § 31.124(b) of the Parks and Wildlife Code would require exclusion of evidence under article 38.23. *See, e.g. Miles v. State,* 241 S.W.3d 28, 36 n.33 (Tex. Crim. App. 2007) (only acts which violate a person's privacy rights or property interests are subject to exclusionary rule); *Roquemore v. State,* 60 S.W.3d 862, 870 (Tex. Crim. App. 2001) (evidence should be excluded if the record shows a causal connection between the illegality and the evidence). We express no opinion on that matter.

2

meaning unless doing so leads to an absurd result. *Clinton v. State*, 354 S.W.3d 795, 800 (Tex. Crim. App 2011); *State v. Hardy*, 963 S.W.2d 516, 519 (Tex. Crim. App. 1997). The plain meaning or common use of "board" in relation to a vessel means "to go on board of or enter," or to "enter" or "mount." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 243 (1976). In turn, its gerund describes the act of entering or mounting the vessel. We further note that the statute at issue speaks of the "officer" boarding or entering the vessel. Given this, we construe § 31.124(b) as requiring the disclosure of credentials by officers who enter or mount a vessel to be inspected; it is not enough that the detainee enter upon the officer's vessel.

Here, there is no evidence of record that the game warden ever boarded, entered, or mounted appellant's jet ski. Instead, she was directed to board and actually entered the game warden's boat. Consequently, § 31.124(b) did not apply and was not a basis upon which to suppress any evidence at bar.

Accordingly, the judgment is affirmed.

Brian Quinn
Chief Justice

Publish.

3