

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00165-CR

DAMIEN HERNANDEZ CORTEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 62,862-D, Honorable Don R. Emerson, Presiding

February 27, 2014

## OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Damien Hernandez Cortez was convicted of fraudulently possessing five or more but less than ten items of identifying information. In seeking to overturn that conviction, he contends 1) the trial court erred in failing to include a jury instruction on a presumed fact, 2) the trial court erred in failing to include a jury instruction on voluntariness, 3) the trial court erred in using the phrase "identifying information" in place of the phrase "item of identifying information" in the application paragraph of the jury charge, 4) the trial court erred in failing to grant his motion for directed verdict, and 5) the evidence was

legally insufficient to sustain the conviction.  Upon considering the issues in their logical rather than numerical order, we affirm the judgment.

Cortez was one of two passengers in a truck in which the driver was arrested for driving with a suspended license.  During an inventory search of the vehicle, police discovered a blue backpack in the bed of the truck.  The backpack contained a folder and inside the folder were numerous documents containing "identifying information" of persons other than the driver or passengers.  Although appellant was not initially arrested, his fingerprints were later discovered on several of the documents, and that resulted in his arrest and prosecution.

*Jury Instruction on Identifying Information*

We consider appellant's fourth issue first.  Therein, he contends:

It was error to substitute the defined term 'identifying information' for the term 'item of identifying information' . . . in the application paragraphs of the court's charge. This error altered the proof requirement of the statute to allow conviction of a higher level of offense than intended under the law.

We overrule the issue.

Under the Penal Code, a person commits the offense of fraudulent use or possession of identifying information if he, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an "item of identifying information" of another person without consent.  TEX. PENAL CODE ANN. § 32.51(b)(1) (West 2011).[1]  In turn, "identifying information" is defined or described within the statute as information that alone or in conjunction with other information identifies a person; it includes 1) a

---

[1] The offense occurred in 2010.

person's name, social security number, date of birth, or government-issued identification card, 2) unique biometric data, 3) unique electronic identification number, address, routing code, or financial institution account number, and 4) telecommunication identifying information or access device. *Id.* § 32.51(a)(1). The level of offense is determined by the number of items possessed. *Id.* § 32.51(c). And, while the legislature defined the phrase "identifying information," it failed to define the phrase "item of identifying information."

Again, appellant questions the trial court's substitution of "the defined term 'identifying information' for the term 'item of identifying information' . . . in the application paragraphs . . . ." What he means, though, is a bit confusing since the phrase "item of identifying information" appears in each application paragraph. For instance, in the first application paragraph, the jury was told that if it concluded that appellant possessed "identifying information" of various named individuals "and the number of *items of identifying information* possessed was more than ten but less than fifty, then you will find the defendant guilty as charged." (Emphasis added). The two other application paragraphs read similarly but substituted the phrases "five or more but less than 10" and "less than five" for the passage "more than ten but less than fifty." Given this, we have difficulty understanding appellant's complaint about the trial court omitting "item of identifying information" from the application paragraphs.

Nonetheless, liberally reading the substance of his argument suggests that what he actually complains about is whether the jury should have been told that "item of identifying information" meant the document upon which the information appeared as opposed to each bit of identifying information appearing in the document. For instance,

3

if an accused possessed one check on which appeared 1) a unique electronic identification number, 2) the address of the account owner, 3) a routing code, and 4) the financial institution account number, appellant would have us conclude that the accused possessed only one item of identifying information. The State, however, would argue that the accused possessed four items of identifying information under that scenario. And, though the dispute appears to be one of first instance, we agree with the State.[2]

Again, while the legislature defined "identifying information," it did not define "item of identifying information." As can be seen, the substantive difference between the two phrases is the word "item." Furthermore, the latter is commonly understood as meaning "a distinct part in an enumeration, account, or series," MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 666 (11th ed. 2003), and it is the common or plain meaning that we must apply here. *LaGrone v. State*, 384 S.W.3d 439, 440 (Tex. App.—Amarillo 2012, pet. ref'd) (stating that we assign words appearing in a statute their common or plain meaning).

Given that the legislature provided us with a list or series of things it deemed to be "identifying information," an "item" within that series would necessarily be a distinct part of that series. In other words, an "item of identifying information" would be one of the many categories of material within the definition of "identifying information." The phrase does not refer to the physical object or document upon which the identifying information appears. And, the jury charge here comported with that interpretation. It allowed the jury to tally each bit of identifying information appearing on the particular

---

[2] In *Ngetich v. State*, No. 05-12-00734-CR, 2013 Tex. App. LEXIS 15385, at *8 (Tex. App.—Dallas December 20, 2013, no pet.) (not designated for publication), the court assumed without deciding that each identification card contained multiple items of identifying information (name and date of birth, social security number, driver's license number, and address).

4

documents when deciding the number of "items of identifying information" appellant possessed.

*Sufficiency of the Evidence*

Via the next issues we address, appellant contends:

The evidence was legally insufficient to establish that Appellant possessed the items of identifying information that did not bear Appellant's fingerprints. Appellant is linked to those items by his proximity to them and his having touched other papers located in the backpack. There was nothing to indicate Appellant was voluntarily in possession of those items, knew the items were contraband or had any intent with regard to them. The trial court should have granted Appellant's motion for instructed verdict.

[and]

The evidence was legally insufficient to establish that Appellant possessed the items of identifying information. Appellant touched three of the items at some point, but there was no evidence illuminating the circumstances of that touching and no evidence linking Appellant to [the] backpack wherein the items were found.

Again, of what he actually complains is a bit confusing for he was not convicted of possessing the identifying information upon which his fingerprints did not appear; so, we have difficulty understanding why he is complaining about the jury's consideration of allegations for which he was not convicted. But, to the extent he may be suggesting that the trial court should not have submitted those allegations, we do not see how he was harmed.

As for the sufficiency of the evidence underlying his conviction for possessing the items on which appeared his fingerprints, we note that the applicable standard of review is in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). And, to prove

5

possession, the State was required to show that appellant exercised care, custody, control or management over the contraband while knowing it to be contraband. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006).

Here, evidence appears of record illustrating that appellant's fingerprints appeared on the documents containing the five or more but less than ten items of identifying information. From this, a juror could rationally infer, beyond reasonable doubt, that appellant exercised care, custody, or control over the contraband (*i.e.* identifying information). As for his doing so while knowing it to be contraband, it is clear that the documents on which his prints appeared belonged to and contained information about third parties. Additionally, one of those third parties (*i.e.*, Archer) testified to having seen appellant in her home shortly before the documents went missing and that appellant did not have her permission to possess them. The owner of the other set of documents containing appellant's prints also testified about appellant lacking her permission to possess the information contained in them. This is some evidence from which jurors could rationally infer beyond a reasonable doubt that appellant knew the documents containing his prints were contraband. *See Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004) (stating that the jury may infer intent from circumstantial evidence). Thus, the evidence was legally sufficient to support his conviction.

*Jury Instruction on a Presumed Fact*

Next we consider the complaint that:

It was error to omit the instructions on a presumed fact mandated by Section 2.05(a)(2) of the Texas Penal Code. Without such an instruction, a presumption becomes a mandatory presumption instead of the permissive presumption intended by the legislature. That error alone, or compounded with other omissions caused Appellant egregious harm.

6

And, upon considering it, we overrule it.

We begin our discussion by again referring to the penal statute involved. It states that a person commits the offense of fraudulent use or possession of identifying information if he, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of identifying information of another person without consent. TEX. PENAL CODE ANN. § 32.51(b)(1) (West 2011). The statute further allows the jury to be informed that a person is presumed to have the intent to harm or defraud another if the actor possesses the identifying information of three or more persons. *Id.* § 32.51(b-1)(1). But, the jury must also be told that 1) the facts giving rise to the presumption must be proven beyond a reasonable doubt, 2) if the facts are proven beyond a reasonable doubt, the jury may find that the element of the offense sought to be presumed does exist but it is not required to so find, 3) the State must prove each of the other elements of the offense beyond a reasonable doubt, and 4) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose. *Id.* § 2.05(a)(2)(A), (B), (C), (D).

While the charge at issue here incorporated the presumption itself, the four caveats that must accompany it were omitted. Yet, appellant did not object to their absence, so we look to see whether appellant was egregiously harmed by the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). And, in doing so, we examine the entire jury charge, the evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole. *Id.*

7

First, the charge did include the general admonition about every element of the offense having to be established beyond reasonable doubt, though it was not in reference to the presumption itself. It also included the three application paragraphs we discussed under the first issue discussed. And though the jury had the opportunity of finding appellant guilty of possessing more than ten but less than 50 items of identifying information, it did not. Rather, it found him guilty of possessing from five to ten such items. From this, one must logically deduce that the jury did not believe he possessed documents containing the identification of all five individuals named in the application paragraphs.

At this point, we again harken back to the evidence of his fingerprints appearing on three documents. Of those three, two contained identifying information of Archer while the third held information pertaining to Snook. Next, the number of items of identifying information contained in those three documents was nine, which number just happened to be within the range of items for which he was found guilty of possession. So, the record supports the inference that identifying information of only two people formed the basis of his conviction, and that, in turn, tends to render irrelevant the presumption arising from the possession of material belonging to three or more individuals. To that, we add those excerpts from the record indicating that 1) the State informed the jury during *voir dire* that the presumption could be overcome or disbelieved, 2) the State said nothing of the presumption in its closing argument, and 3) only appellant mentioned the presumption at closing and did so by arguing that it had been overcome because his fingerprints were found on the information *of only two persons*.

Given these circumstances, we necessarily conclude that appellant did not suffer egregious harm arising from the defect in the jury charge at issue. *Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008) (stating that the denial of a fair trial is the standard for egregious harm). Simply put, the record fails to support the notion that the presumption was utilized in convicting appellant; so, the deficient manner in which it was described in the charge was inconsequential. The issue is overruled.

*Jury Instruction on Voluntariness*

Next, appellant contends that it "was error to omit an instruction on voluntariness as directed by Section 6.01 of the Texas Penal Code. Such instruction is normally required in any possession case." We overrule the issue.

First, the instruction omitted apparently was one informing the jury that 1) a person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession, TEX. PENAL CODE ANN. § 6.01(a) (West 2011), and 2) possession "is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." *Id.* § 6.01(b). Yet, appellant did not request it below. Nor did he cite us to authority indicating that the trial court was obligated to provide the instruction *sua sponte*.

Second, the case authority he did cite, *Ramirez-Memije v. State*, 397 S.W.3d 293 (Tex. App.—Houston [14th Dist.] 2013, pet granted), states that "if the evidence at trial raises the issue of whether the defendant voluntarily engaged in conduct, the jury must be instructed on the issue." *Id.* at 299. In other words, there must appear evidence of record establishing a question of fact regarding whether the accused voluntarily

engaged in the conduct. This is so since "[v]oluntariness, *per se*, is not a jury question." *Rhodes v. State*, 997 S.W.2d 692, 695 (Tex. App.—Texarkana 1999, pet. ref'd); *Wade v. State*, 630 S.W.2d 418, 419 (Tex. App.—Houston [14th Dist.] 1982, no pet.). And, in absence of evidence indicating that the accused's conduct was not voluntary, we deem it voluntary as a matter of law. *Id.*; *accord Airheart v. State*, No. 08-11-00037-CR, 2012 Tex. App. LEXIS 3235, at *29-30 (Tex. App.—EL Paso April 25, 2012, pet. ref'd) (not designated for publication) (stating the same and adding that no instruction is necessary unless the evidence creates a question of fact on the matter). And, the jury need not be asked to determine something that exists as a matter of law.

Here, appellant failed to cite us to evidence affirmatively illustrating that he did not 1) voluntarily possess the identifying information in question or 2) know the nature of the information appearing in the documents carrying his fingerprints. Consequently, he did not satisfy his burden on appeal to show that the trial court erred in omitting the instruction.

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice


Publish.