

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0501-14

---

**DAMIEN HERNANDEZ CORTEZ, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### POTTER COUNTY

---

RICHARDSON, J., filed a concurring opinion in which KELLER, P.J., and JOHNSON and HERVEY, J.J., joined.

### C O N C U R R I N G   O P I N I O N

I concur in the Court's analysis of the issue presented for our review and therefore join in the majority's opinion affirming the judgment of the court of appeals. I write separately only to highlight what I perceive to be errors in the jury charge that, under a different set of facts, might have resulted in egregious harm to appellant. The jury charge omitted key wording ("an item of") from its statutory definition of the offense of Fraudulent Use or Possession of Identifying Information. But more importantly, the jury charge

inaccurately defined the term, "identifying information," in sentence form instead of in list form as set out in the statute. Nevertheless, as explained herein, because I do not believe that these charge errors resulted in egregious harm to appellant,[1] I concur in the decision to affirm the judgment of the court of appeals.

A trial court must give the jury a written charge that sets forth the law applicable to the case.[2] A charge sets forth the law applicable to the case by tracking the language of the statute.[3] The version of Texas Penal Code Section 32.51(b)(1) in effect at the time of the offense defined the offense of Fraudulent Use or Possession of Identifying Information as follows:

> A person commits an offense if the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses *an item of:* (1) identifying information of another person without the other person's consent.[4]

According to Section 32.51(c), the range of punishment for this offense is dictated by the "number of items obtained, possessed, transferred, or used."[5] In this case, the Charge of the

---

[1] There were no objections by the defense to the Charge of the Court. Unless there is a timely objection, error in the jury charge will not require reversal of the conviction without a showing of egregious harm. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

[2] TEX. CODE. CRIM. PROC. ANN. art. 36.14 (West 2011).

[3] *Casey v. State,* 215 S.W.3d 870, 887 (Tex. Crim. App. 2007).

[4] TEX. PENAL CODE ANN. § 32.51(b)(1) (West 2011) (emphasis added).

[5] TEX. PENAL CODE ANN. § 32.51(c)(1)-(4) (West 2011).

Court omitted the phrase "an item of" from its definition of the offense:[6]

> Our law provides that a person commits an offense if the person possesses identifying information of another person without the other person's consent and with intent to harm or defraud another.

The version of Texas Penal Code Section 32.51(a)(1) in effect at the time of the offense defined "identifying information" as follows:

> (1)    "Identifying information" means information that alone or in conjunction with other information identifies a person, including a person's:
>
> (A) name and social security number, date of birth, or government-issued identification number;
>
> (B) unique biometric data, including the person's fingerprint, voice print, or retina or iris image;
>
> (C) unique electronic identification number, address, routing code, or financial institution account number;
>
> (D) telecommunication identifying information or access device.[7]

The Charge of the Court, however, defined the term, "identifying information," in sentence form, as follows:

---

[6] The jury charge's omission of the words "obtains," "transfers," and "uses" from the statutory definition of the offense was not erroneous. *Clinton v. State,* 354 S.W.3d 795, 799 (Tex. Crim. App. 2011) ("[W]hen the statute defines alternative methods of manner and means of committing an element and the indictment alleges only one of those methods, 'the law' for purposes of the hypothetically correct charge is the single method alleged in the indictment.") (quoting *Gollihar v. State,* 46 S.W.3d 243, 254 (Tex. Crim. App. 2001)).

[7] TEX. PENAL CODE ANN. § 32.51(a)(1)(A)-(D) (West 2011).

"Identifying information" means information that alone or in conjunction with other information identifies a person, including a person's name, address, date of birth, financial institution, account number, routing code, unique electronic identification number, government-issued identification number, telecommunication identifying information or access device.

The application paragraph in the jury charge essentially tracked the language of the indictment (as amended), charging fraudulent possession of identifying information belonging to five people in the amount of ten or more but less than fifty items.[8] The jury charge also included a lesser-included offense of possession of identifying information in the amount of five or more but less than ten items, and a lesser-included offense of possession

---

[8] The application paragraph reads as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 25th day of November, 2010, in Potter County, Texas, the defendant, Damien Hernandez Cortez, did then and there, without the consent and with intent to harm and defraud another, possess the identifying information of Linda Archer, to wit: name, address, date of birth, social security number, possess the identifying information of Nancy Rantala, to wit: name, address, government issued driver license number, date of birth, routing code, 3 financial institution account numbers, possess the identifying information of Debra Redding, to wit: name, address, government issued driver license number, routing code, financial institution account number, possess the identifying information of Joe Gayle, to wit: name, address, government issued driver license number, date of birth, social security number, unique electronic identification number, 5 financial institution account numbers, possess the identifying information of Nena Shook, to wit: name, address, government issued driver license number, routing code, financial institution account number, and the number of items of identifying information possessed was more than ten but less than fifty, then you will find the defendant guilty as charged. Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, or if you are unable to agree, you will next consider whether the defendant is guilty of Fraudulent Use of Possession of Identifying Information five of [sic] more but less than 10, lesser offense.

of identifying information in the amount of less than five items. Because the indictment omitted the phrase, "an item of," before the first use of the term "identifying information,"[9] the three application paragraphs likewise omitted that phrase.

Nevertheless, these errors did not cause appellant egregious harm.[10] Appellant's fingerprints were on three of several documents found in a backpack in the bed of a truck in which appellant was a passenger. Of those three documents, two contained identifying information of complainant, Linda Archer, and the third contained identifying information of complainant, Nena Shook. The indictment charged appellant with possessing the following identifying information of Linda Archer: (1) name, (2) address, (3) date of birth, and (4) Social Security number. The indictment charged appellant with possessing the following identifying information of Nena Shook: (5) name, (6) address, (7) government issued driver's license number, (8) routing code, and (9) financial institution account number.

Appellant was found guilty by the jury of possessing five or more but less than ten items of identifying information. The appellate court found that since there were nine items

---

[9] What the pertinent language of the indictment should have said was, ". . . on or about the 25th day of November, 2010, in Potter County, Texas, the defendant, Damien Hernandez Cortez, did then and there, with the intent to harm and defraud another, possess *an item of* identifying information of Linda Archer, without the consent of Linda Archer, to wit: . . , [etc.]" However, the court of appeals found that the phrase in the application paragraph identifying the level of offense—depending upon how many items of identifying information were possessed by appellant—sufficiently explained the significance of distinguishing the separate "items of" identifying information (". . . and the number of items of identifying information possessed was more than ten but less than fifty. . .").

[10] *Stuhler v. State,* 218 S.W.3d 706, 719 (Tex. Crim. App. 2007) (holding that jury-charge error is egregiously harmful if "it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory.")

of identifying information pertaining to these two complainants,[11] appellant "was not convicted of possessing identifying information upon which his fingerprints did not appear."[12] This suggests that the appellate court followed the jury charge's definition of "identifying information" (in sentence form) and counted the complainant's name as one item of identifying information. Such charge error could have resulted in egregious harm had appellant been convicted of possessing a number of items within a higher range of punishment. But, in this case, he was not. Even if the charge had correctly defined the term "identifying information" in list form, the evidence supported a finding that appellant possessed seven items of identifying information pertaining to these two complainants: (1) Linda Archer's name and date of birth, (2) Linda Archer's name and address, (3) Linda Archer's name and Social Security number, (4) Nena Shook's name and address, (5) Nena Shook's name and government-issued driver's license number, (6) Nena Shook's name and bank routing code, and (7) Nena Shook's name and financial institution account number.[13]

Under the facts of this particular case, the charge errors did not affect the very basis of the case, or deprive the defendant of a valuable right, or vitally affect a defensive theory,

---

[11] *Id.* at 343.

[12] *Cortez v. State,* 428 S.W.3d 338, 342 (Tex. App.–Amarillo 2014).

[13] The statutory definition (in list form) does not contemplate that a person's name, alone, is an item of "identifying information." This makes sense. As the majority opinion points out, simply possessing a name, without more, is not enough to "identif[y] a person," but having a name paired with a social security number, or a date of birth, or a government-issued identification number, as was done in Section 32.51(a)(1)(A), would be enough to qualify as an "item" of "identifying information."

and thus did not result in egregious harm. Nevertheless, this case illustrates why it is critical to define terms in the jury charge exactly the way that they are set out in the statute.[14] The charge's definition of "identifying information" in sentence form left room for misinterpretation that could have altered the range of punishment under a different set of facts.

With these additional comments, I join in this Court's decision to affirm the appellate court's judgment.

FILED: June 17, 2015
PUBLISH

---

[14] As noted herein, the only exception to this rule is when the definition includes alternative methods of manner and means that are not pertinent to the indicted offense. In such case, it is appropriate to tailor the definition provided in the jury charge to coincide with the offense as it is indicted. *Clinton v. State,* 354 S.W.3d 795, 799 (Tex. Crim. App. 2011).