

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0501-14

### DAMIEN HERNANDEZ CORTEZ, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### POTTER COUNTY

ALCALA, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, JOHNSON, HERVEY, RICHARDSON, YEARY and NEWELL, JJ., joined. RICHARDSON, J., filed a concurring opinion in which KELLER, P.J., and JOHNSON and HERVEY, JJ., joined. KEASLER, J., concurred.

### O P I N I O N

This case addresses whether the application paragraph in jury instructions was properly phrased. In his petition for discretionary review, Damien Hernandez Cortez, appellant, contends that the court of appeals erred in its determination that the application paragraph of the jury instructions for fraudulent use or possession of identifying information

properly described the applicable law. *See Cortez v. State,* 428 S.W.3d 338, 340 (Tex. App.—Amarillo 2014, pet. granted). In particular, appellant asserts that the instructions were erroneous because they failed to instruct the jury that the term "item of identifying information" requires a "grouping of identifying information" such as is represented in a check, bank statement or credit card. *See* TEX. PENAL CODE ANN. § 32.51(a)(1), (b)(1) (West 2011). Furthermore, appellant contends that he was egregiously harmed by the alleged error because, had the jury been properly instructed, he would have been subjected to a lower punishment range that would have permitted the jury to find that he possessed fewer items of identifying information by deciding, for example, that fraudulent possession of a check would be counted as one item rather than the identifying information on the check being considered as multiple items. *See id*. Although we disagree with its reasoning, we agree with the ultimate conclusion by the court of appeals that the trial court's instructions properly did not limit the jury with respect to the number of separate tangible documents on which the identifying information appears. We, therefore, affirm the judgment of the court of appeals.

## I. Background

In 2010, an Amarillo police officer stopped a truck for a traffic violation, arrested the driver for driving with a suspended license, and inventoried the contents of the truck, which included an accordion folder containing various documents. Appellant was a passenger in the truck. Later, police found appellant's fingerprints on three of the documents that were in the folder: (1) a canceled check made out to Wal-Mart belonging to complainant Shook,

which bore her name, driver's license number, mailing address in the form of a post-office box number, phone number, bank-account number and bank-routing number; (2) a Visa credit card statement belonging to complainant Archer, which bore her name, address, and credit-card account number; and (3) a Texas Medicaid form also belonging to complainant Archer, which bore her name, date of birth, driver's license number, and Social Security number. The accordion file contained various other documents constituting identifying information of several other people, but police did not find appellant's fingerprints on any of the other documents.

A grand jury indicted appellant for fraudulent possession of fifty or more items of identifying information. *See id.* § 32.51(b)(1), (c)(4) (West 2011). The indictment identified seven complainants by name and detailed the identifying information appellant possessed that belonged to each complainant. Later, by an amended indictment that reduced the number of complainants to five, including the two complainants whose documents contained appellant's fingerprints, the State elected to prosecute appellant for the lesser offense of fraudulently possessing ten or more, but less than fifty, items of identifying information. *See id*. § 32.51(c)(3).

In three application paragraphs, the trial court's instructions permitted the jury to find appellant guilty of fraudulent possession of identifying information in certain amounts that would constitute a second-degree felony, a third-degree felony, or a state-jail felony. Each application paragraph named the five complainants in the amended indictment and delineated

the identifying information possessed by appellant. The first application paragraph stated in relevant part:

> Now, if you find . . . that . . . the defendant . . . possess[ed] the identifying information of [complainant Archer], to wit: name, address, date of birth, [and] social security number[;] possess[ed] the identifying information of [complainant Rantala], to wit: name, address, government issued driver license number, date of birth, routing code, [and] [three] financial institution account numbers[;] possess[ed] the identifying information of [complainant Redding], to wit: name, address, government issued driver license number, routing code, [and] financial institution account number[;] possess[ed] the identifying information of [complainant Gayle], to wit: name, address, government issued driver license number, date of birth, social security number, unique electronic identification number, [and] [five] financial institution account numbers[;] possess[ed] the identifying information of [complainant Shook], to wit: name, address, government issued driver license number, routing code, [and] financial institution account number[;] and the number of items of identifying information possessed was more than ten but less than fifty, then you will find the defendant guilty as charged.

The second and third application paragraphs, while listing the same complainants and their corresponding identifying information, alleged the lesser-included offense of fraudulent possession of identifying information as a third-degree felony for the possession of five or more, but less than ten items, or, alternatively, as a state-jail felony for the possession of less than five items. The jury found appellant guilty of the third-degree-felony offense and, after finding that he had previously been convicted of two prior felony offenses, it determined his sentence at fifty years' imprisonment.[1]

On direct appeal, appellant asserted that "the trial court erred in using the phrase

---

[1] Both on appeal to the court of appeals and to this Court, the State and appellant agree that the jury appears to have convicted appellant of fraudulently possessing only the identifying information contained in the three documents belonging to complainants Shook and Archer.

'identifying information' in place of the phrase 'item of identifying information' in the application paragraph of the jury charge." *See Cortez,* 428 S.W.3d at 340. This error, he contended, permitted the jury to convict him of a higher level of offense by allowing it to count each piece of information listed in the application paragraph as an "item of identifying information," rather than requiring it to determine whether those individual pieces of information would have to be aggregated in order to form each item or items of identifying information. *See id.* In initially evaluating appellant's argument, the court of appeals stated that his argument was "a bit confusing since the phrase 'item of identifying information' appears in each application paragraph." *Id.* at 341. Given this, the court had "difficulty understanding appellant's complaint about the trial court omitting 'item of identifying information' from the application paragraphs." *Id.* In light of this seeming inconsistency between the language of the charge and appellant's argument, the court of appeals looked to the substance of appellant's arguments and interpreted his complaint as being that "the jury should have been told that 'item of identifying information' meant the document upon which the information appeared[,] as opposed to each bit of identifying information appearing in the document." *Id.* In response to appellant's complaint, the court of appeals examined the statutory language in order to determine whether the language in the application paragraphs comported with the statute's meaning. *Id.* at 341-42. The court of appeals determined that the plain meaning of the phrase "item of identifying information" is any piece of information falling within one of the many categories of material appearing in the definition of

"identifying information" in the statute. *Id.* at 341 (citing MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 666 (11th ed. 2003) ("item" means a distinct part in an enumeration, account, or series)); *see also* TEX. PENAL CODE ANN. § 32.51(a)(1)(West 2011). It explained, "Given that the legislature provided us with a list or series of things it deemed to be 'identifying information,' an 'item' within that series would necessarily be a distinct part of that series." *Cortez*, 428 S.W.3d at 341. The court of appeals additionally observed that the statutory language does not refer to the physical object or document upon which a group of identifying information appears. *Id.* The court explained that the trial court's instructions "allowed the jury to tally each bit of identifying information appearing on the particular documents when deciding the number of 'items of identifying information' appellant possessed." *Id*. at 341-42. Concluding that the application paragraphs comported with the statutory language, the court rejected appellant's charge-error complaint. *See id.*

## II. Analysis

Appellant's petition for discretionary review asks, "Is an item of identifying information, the unit of prosecution in Section 32.51 of the Texas Penal Code, a grouping of identifying information such as is represented in a check, bank statement or credit card, or is it each piece of identifying information that meets the statutory term, resulting in multiple items being present on a single check, bank statement or credit card?" Appellant asserts that the court of appeals misinterpreted the statute by adopting the latter interpretation, thereby leading it to the erroneous conclusion that there was no error in the

instructions. Appellant contends that the court of appeals instead should have held that the application paragraph incorrectly applied the law to the facts of his case by listing out each individual piece of identifying information, rather than each document, and that he was egregiously harmed by the phrasing of the application paragraph. In particular, in support of his assertion that his interpretation of the statute is correct, appellant notes that the statute uses the word "and" to signify that the information should be grouped; that the statute's subsections each appear to delineate which information should be grouped; that the unit of prosecution, like for the offense of forgery, is each writing; and that it would be illogical for the Legislature to punish this type of preparatory fraud offense more severely than the similar, completed offense of check forgery.

The State responds that the court of appeals's analysis regarding the meaning of the phrase "item of identifying information" was correct according to the rules of grammar and common usage. According to the State, the unit of prosecution for the offense of fraudulent use or possession of identifying information is not each document containing a group of identifying information, but rather is each piece of identifying information contained in each document that identifies a person. The State observes that the statutory text does not expressly refer to a physical object or document on which the identifying information appears. Furthermore, the State suggests that the Legislature may exercise its reasoned normative judgment to punish this type of fraud more severely than similar offenses.

By examining (A) the applicable law, we determine that (B) the meaning of the phrase

"item of identifying information" as it is used in Section 32.51 of the Texas Penal Code is ambiguous as to whether it refers to each document that may contain multiple pieces of identifying information or, alternatively, to each piece or pieces of identifying information that alone or in conjunction identifies a person, and that (C) extra-textual analysis of the statute resolves this ambiguity in favor of the court of appeals's holding that the trial court properly did not instruct the jury to limit its consideration to each document possessed by appellant.

**A. Applicable Law**

Appellate review of claims of jury-charge error first involves a determination of whether the charge was erroneous and, if it was, then second, an appellate court conducts a harm analysis, with the standard of review for harm being dependent on whether error was preserved for appeal. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). Because we conclude that the charge was not erroneous in this case, we do not conduct a harm analysis.

The purpose of the trial court's jury charge is to instruct the jurors on all of the law applicable to the case. *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012); TEX. CODE CRIM. PROC. art. 36.14. The application paragraph is the portion of the jury charge that applies the pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations. *Vasquez*, 389 S.W.3d at 366. Therefore, a jury charge with an application paragraph that incorrectly applies the pertinent penal law to

the facts of a given case is erroneous. *See Gray v. State*, 152 S.W.3d 125, 127-28 (Tex. Crim. App. 2004).

To determine whether the application paragraph of a jury charge accurately applied the law to the facts of a particular case, we must first determine the correct interpretation of the law in question. *See*, *e.g.*, *Celis v. State*, 416 S.W.3d 419, 423 (Tex. Crim. App. 2013) (plurality op.) (determining what culpable mental state is required by a statute before assessing whether the application paragraph properly instructed the jury on the applicable law). Statutory interpretation is a question of law that we review de novo. *Clinton v. State*, 354 S.W.3d 795, 799 (Tex. Crim. App. 2011). When interpreting statutory language, we focus on the "'collective' intent or purpose of the legislators who enacted the legislation." *Id.* at 800 (citing *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). To determine the collective intent of the Legislature, we begin by examining the literal text. *Id.* This provides the best means to determine "the fair, objective meaning of that text at the time of its enactment." *Id.* If the meaning of the statutory text, when read using the established canons of construction relating to such text, should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning unless doing so would cause an absurd result. *Boykin*, 818 S.W.2d at 785.

If, on the other hand, the meaning of the literal text of a statute would cause an absurd result or is ambiguous, we may consider extra-textual factors to discern the Legislature's intent in enacting the statute. *Bays v. State,* 396 S.W.3d 580, 585 (Tex. Crim. App. 2013).

Ambiguity exists when a statute may be understood by reasonably well-informed persons to have two or more different meanings. *Id.*; *see also Baird v. State*, 398 S.W.3d 220, 229 (Tex. Crim. App. 2013) (statute is ambiguous when the language it employs is "reasonably susceptible to more than one understanding"). In construing ambiguous statutes, relevant factors that we may consider include the legislative history behind the statute and the consequences of a particular construction. *See Bays*, 396 S.W.3d at 585; TEX. GOV'T CODE § 311.023(3), (5).

**B. The Statute is Ambiguous**

We determine that the statutory language is ambiguous because the word "item" is statutorily undefined and it is reasonably susceptible to more than one understanding in this context. *See Baird*, 398 S.W.3d at 229. As we explain below, on the one hand, the word "item" could be understood as referring to each piece of information that identifies a person, but, on the other hand, it could be understood as a thing that contains a group of information that identifies a person, such as a single driver's license.

Although it enhances the punishment range based on the number of "items," the statutory language does not plainly define what constitutes "an item of identifying information." The relevant statutory language states, "A person commits an offense if the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of: (1) identifying information of another person without the other person's consent[.]" TEX. PENAL CODE ANN. § 32.51(b)(1) (West 2011). The penal code defines the term

"identifying information" as follows:

> (1)"Identifying information" means information that alone or in conjunction with other information identifies a person, including a person's:
>> (A) name and social security number, date of birth, or government-issued identification number;
>> (B) unique biometric data, including the person's fingerprint, voice print, or retina or iris image;
>> (C) unique electronic identification number, address, routing code, or financial institution account number; and
>> (D) telecommunication identifying information or access device.

*Id*. § 32.51(a)(1).[2]  The statute elevates the range of punishment depending on "the number of items" of identifying information fraudulently used or possessed, making the use or possession of one to four items a state-jail felony, the use or possession of five to nine items a third-degree felony, the use or possession of ten to forty-nine items a second-degree felony, or, alternatively, the use or possession of fifty or more items a first-degree felony. *Id*. § 32.51(c).

Because the statute uses the undefined word "item," the court of appeals purported to examine the term as it is commonly understood, but its definition of that term, unlike ours, was limited to a distinct part in an enumeration, account, or series. *See Cortez,* 428 S.W.3d at 341 (citing MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 666 (11th ed. 2003) ("item" means a distinct part in an enumeration, account, or series)).  In contrast, we conclude that

---

[2]This is the definition the Texas Penal Code provided for "identifying information" in 2010 when appellant committed the offense.  Since then, the statute has been amended to move Social Security number and government-issued identification number into a separate, fifth category, leaving "name and date of birth" alone in the first category. *See* TEX. PENAL CODE ANN. § 32.51(a)(1) (West 2014).

the word "item" can be commonly understood in the context of this statute as referring to either "an individual thing" or to "a distinct part in an enumeration, account, or series." *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1203 (3d ed. 2002). Here, in light of the definition for the term "identifying information" as including information that "alone or in conjunction with other information" identifies a person, the word "item" rationally could refer either to (1) each particular single piece of information, or combination of information, that identifies a person, such as a name and Social Security number, date of birth, or government-issued identification number, or another piece or pieces of information that identify a person, or (2) each tangible object that contains a group of the person's identifying information, such as a credit card or driver's license. We note the lack of clarity with respect to the word "item" in that the term "identifying information" includes either singular information by its use of the word "alone" or plural information by its use of the phrase "in conjunction with other information [that] identifies a person." TEX. PENAL CODE ANN. § 32.51(a)(1) (West 2011).

Further exacerbating the ambiguity, as appellant notes, is the fact that the grouping of identifying information in the list provided in the definition of "identifying information" appears to correspond to tangible documents. For instance, subsection (1)(C) in the statute lists "unique electronic identification number, address, routing code, or financial institution account number." All four types of information listed in that subsection could be found on

a single financial instrument, such as a check.[3] On the other hand, had the Legislature wanted to refer specifically to tangible documents when using the phrase "item of identifying information," it could easily have listed those specific documents, but it did not do so.

Examining the statutory language, appellant argues that the words "and" and "or" in the statutory definition of "identifying information" suggest that the Legislature intended to require that certain information be grouped together in order to form an "item of identifying information." In the first subsection defining "identifying information," for example, the words "and" and "or" appear in the definition permitting a conviction for the fraudulent possession of another person's "name and social security number, date of birth, or government-issued identification number." *Id*. § 32.51(a)(1). Based on this phrasing, we agree with appellant's contention that a person's name alone is inadequate to constitute an item of identifying information. But the phrasing lacks clarity as to whether the statute would permit a defendant in possession of a single document containing a person's "name and social security number, date of birth, or government-issued identification number" to be convicted for possessing a single item of identifying information or three items of identifying information for having a person's (1) name and social security number, (2) name and date

---

[3]We note that the current version of the statute no longer groups the information into subsections in a way that so clearly corresponds to tangible documents. *See id*. The current wording of the statute is consistent with our statutory interpretation that "item" refers to each piece of information. For example, subsection (1)(A) states, "name and date of birth," but it does not further associate that information with any particular type of document, as compared to the earlier version of the statute applicable to appellant's case, which stated, "name and social security number, date of birth, or government-issued identification number."

of birth, and (3) name and government-issued identification number. *Id.* Appellant's focus on the conjunctions used in the statutory definition of "identifying information" fails to provide guidance as to the legislative intent with respect to what constitutes an "item" of identifying information.

Because plausible arguments can be made by reasonably well-informed parties for either definition of the phrase "item of identifying information," we conclude that the meaning of the literal text, absent extra-textual considerations, is ambiguous. *See Bays,* 396 S.W.3d at 585; *Baird*, 398 S.W.3d at 229. We, therefore, disagree with the court of appeals that the statutory language unambiguously expresses the Legislature's intent.

**C. Extra-Textual Analysis**

Having determined that the statutory language is ambiguous, we may consider extra-textual factors, including the legislative history and the consequences of a particular construction, to determine the Legislature's intent in enacting the statute. *See Chase v. State*, 448 S.W.3d 6, 11 (Tex. Crim. App. 2014); TEX. GOV'T CODE § 311.023(3), (5). We begin with the statute's legislative history because it provides the clearest indication of the Legislature's intent in this case. *See Bays*, 396 S.W.3d at 585.

The legislative history of Section 32.51 of the Texas Penal Code illustrates the Legislature's intent to treat each distinct part of the list it provided in the statute as an individual "item of identifying information." The original Fraudulent Use or Possession of Identifying Information statute was passed in 1999. *See* Act of June 18, 1999, 76th Leg.,

R.S., ch. 1159, § 1, 1999 Tex. Gen. Laws 1159.  The original statute made it a state-jail felony to obtain, possess, transfer, or use the identifying information of another person without the person's consent and with the intent to harm or defraud another. TEX. PENAL CODE ANN. § 32.51(b), (c) (West 2000).  And it did not contain the word "item" or, by extension, the phrase "item of identifying information." *See id.* Regardless of the type or quantity of identifying information that a defendant possessed, the original statute for fraudulent use or possession of identifying information punished the offense as a state-jail felony. *Id.* Although the original version of the statute did not contain the phrase "item of identifying information," the legislative history at the time of enactment suggests that the statute's purpose was to facilitate prosecutions of identity theft even in situations not involving the use or possession of any tangible documents containing identifying information.  Supporters of the legislation expressed that

> [t]he fraudulent use of identifying information is becoming more prevalent as our society becomes more reliant on computers and identification numbers to conduct business transactions. . . . In most cases, the theft of identity, without the possession of something physical like a driver's license or credit card, is not illegal. The use of a credit card number often is seen as a crime against the credit card company and not against the individual whose card number was used. . . . This legislation is needed to fill a gap in current state law that is not covered by traditional theft or fraud law.

House Research Organization, Bill Analysis, H.B. 25, 76th Leg., R.S., May 7, 1999.[4]

Although this particular legislative history does not resolve our present inquiry regarding the

---

[4]This legislative history is drawn from House Bill 25, the companion bill to Senate Bill 46, which ultimately enacted Section 32.51.

meaning of the phrase "item of identifying information," it is relevant in the sense that it demonstrates the Legislature's awareness of the distinction between fraudulent use or possession of another person's identification documents and fraudulent use or possession of another person's identifying information, which may or may not be contained in a document. *See id.* Given the elusive nature of identity theft in the digital age, which is not always tied to the possession of any tangible document, the statute's legislative focus at the time of enactment appears to have been on preventing identity theft through targeting fraudulent use or possession of the identifying information itself, rather than basing criminal liability on the use or possession of particular documents.

Introducing the phrase "item of identifying information" in 2007, the Legislature amended the statute to create different offense levels depending on the number of items of identifying information a defendant fraudulently used or possessed. *See* Act of June 15, 2007, 80th Leg., R.S., ch. 1173, §§ 1, 2, 2007 Tex. Gen. Laws 1173. The bill analysis accompanying this amendment provides the clearest indication of the Legislature's intent regarding the meaning of the phrase "item of identifying information." *See* House Research Organization, Bill Analysis, Tex. C.S.H.B. 460, 80th Leg. R.S. (2007). The bill analysis makes clear that the Legislature's intent was for the phrase "item of identifying information" to refer to any single piece of personal, identifying information enumerated in the definition of "identifying information," such as a Social Security number. *Id*. The bill analysis for the 2007 amendment states,

> Additionally, [the] current code requires that certain combinations of personal, identifying information must be collected before it is considered a crime. [This bill] amends the current code to make it a crime to hold any single piece of personal, identifying information (i.e. a social security number) with the intent to harm or defraud a person. . . .

*Id*. Based on the legislative history, which evinces a clear legislative intent to criminalize the fraudulent use or possession of individual pieces of identifying information, we conclude that the phrase "item of identifying information" refers to any single piece of personal, identifying information enumerated in the definition of "identifying information" that alone or in conjunction with other information identifies a person, as opposed to a thing that may contain a group of pieces of information identifying a person, such as a license, credit card, or document.

We also note that the legislative history is consistent with an interpretation that renders the entire statute effective and that makes the statute feasible of execution, as compared to appellant's interpretation, which does not. *See* TEX. GOV'T CODE § 311.021(2), (4). Appellant contends that this offense is analogous to the offense of forgery, for which the applicable unit of prosecution is each writing. His theory of the statute appears to suggest that an individual who possessed a single document with a person's name and (1) Social Security number, (2) driver's license number, (3) bank account number, (4) tax identification number, and (5) date of birth would be guilty of a state-jail felony merely because the numbers were grouped into a single piece of paper, but a person in possession of five pieces of paper, each containing this information listed separately would be guilty of a third-degree

felony. *See* TEX. PENAL CODE ANN. § 32.51(b)(1), (c) (West 2011). This proposed interpretation would allow a defendant to possess multiple pieces of identifying information, each of which could be fraudulently used for various purposes, while subjecting him to only minimal criminal liability under the statute. Moreover, appellant's interpretation would read additional terms into the statute by requiring proof of more than that the information "identifies a person" in order to constitute an "item." Instead, under our interpretation of the statute, each Social Security number would constitute an "item" of identifying information, regardless of the physical form in which that information is possessed. Appellant's suggested interpretation would render parts of the statute ineffective by disallowing prosecution for the offense in the absence of a tangible object, thereby generally reducing a defendant's criminal responsibility under the statute. Likewise, it would increase the State's burden of proof by requiring evidence that a defendant possessed at least one tangible document containing a group of identifying information before being able to pursue a prosecution under the statute. Such an interpretation would thwart the Legislature's intent in enacting the statute, which, as this Court has observed, was the prevention of identity theft. *See Jones v. State*, 396 S.W.3d 558, 562 (Tex. Crim. App. 2013).

We also disagree with appellant's suggestion that permitting prosecution for the fraudulent use or possession of each piece of information that alone or in conjunction with other information identifies a person would be illogical because it would result in greater punishment for the fraudulent possession of a check than for passing a forged check. In

response to this suggestion, we observe that the check possessed by appellant in this case contained complainant Shook's name, driver's license number, address, phone number, bank-account number and bank-routing number. Applying the relevant statutory definition of "identifying information," we observe that Shook's name and driver's license number together would form a single "item" of identifying information. *See* TEX. PENAL CODE ANN.§ 32.51(a)(1)(A) (West 2011). Shook's financial-account information, comprising her bank-account number and bank-routing number, would also count as a single "item" because it is only by combining those two numbers that they become information that "in conjunction" identifies her. *See id*. § 32.51(a)(1), (a)(1)(C). Contrary to appellant's suggestion, the possession of this single check would count as only two "items" and would result in punishment as a state-jail felony. This is the same offense level that applies to forgery of a check, which is also a state-jail felony. *Compare id*. § 32.51(c), *with* TEX. PENAL CODE § 32.21(d). Thus, to the extent that appellant suggests that the Legislature would not have set forth disparate punishments for similar offenses, we disagree that the facts would support that characterization.

The court of appeals observed that appellant's complaint challenging the absence of the word "item" from the application paragraphs was puzzling because the word appears in the application paragraphs. *See Cortez*, 428 S.W.3d at 341. Although the court of appeals accurately observed that the word "item" is in the application paragraphs, it appears that appellant was complaining to the court of appeals not about its absence, but instead about its

placement in the paragraphs. The word "item" appears towards the bottom of each of the application paragraphs where the jury was instructed to find appellant guilty if "the number of items of identifying information possessed" was more than a certain number but less than another number, which tracked the statutory penalty ranges, rather than where the statute places the word in providing that a person commits an offense if he, with the requisite criminal intent, obtains, possesses, transfers, or uses "an item of: (1) identifying information." *See* TEX. PENAL CODE ANN.§ 32.51(b)(1) (West 2011). Appellant's ground in his petition for discretionary review does not complain about the court of appeals's treatment of his complaint in this particular respect, and he appears to have limited his challenge on discretionary review to the complaint as it was construed by the court of appeals. Although we do not address appellant's original complaint to the court of appeals because it appears to have been abandoned at this juncture, we note that the trial court's instructions to the jury did depart from the statutory language in at least two ways. First, the trial court's definition for the term "identifying information," which it described as "[i]nformation that alone or in conjunction with other information identifies a person, including a person's name, address, date of birth, . . .," does not precisely track the statutory definition of that term, which instead provides that identifying information is "information that alone or in conjunction with other information identifies a person, including a person's: (A) name and social security number, date of birth, or government-issued identification number; . . . ." *See id.* § 32.51(a)(1)(A). The trial court apparently interpreted the word

"including" following the phrase "information that alone or in conjunction with other information identifies a person" as setting forth a non-exclusive list of things that could, alone or in conjunction, identify a person. *See id.* Second, we note that the trial court's instructions did not place the phrase "an item of identifying information" in the description of the statutory elements giving rise to an offense, but instead placed that phrase only where the jury was asked to determine the offense level based on the number of items possessed. We need not decide here whether these apparent departures from the statutory language constituted error because the court of appeals's opinion never analyzed those matters, and appellant has not complained about that portion of the court's analysis.

Because the phrase "item of identifying information" means any piece of identifying information enumerated in the statute that alone or in conjunction with other information identifies a person, and does not mean each document containing a group of identifying information, the court of appeals was correct in its ultimate determination that a trial court must not limit the jury's consideration to each tangible document bearing multiple pieces of an individual's identifying information. And because appellant has limited his complaint to the meaning of the phrase "item of identifying information," we limit our review to that ground.

### III. Conclusion

We affirm the judgment of the court of appeals.

Delivered: June 17, 2015

Publish