

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00172-CR

**AZIE VERNELL PEARSON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the County Court at Law No. 1
### McLennan County, Texas
### Trial Court No. 20212441-CR1

## MEMORANDUM OPINION

A jury found Appellant Azie Vernell Pearson guilty of a Class A misdemeanor assault and assessed his punishment at 300 days' confinement in the McLennan County Jail and a $1,000 fine. The trial court sentenced Pearson accordingly. This appeal ensued. In his sole issue, Pearson argues that the trial court erred in including an instruction on provocation in the jury charge. We will affirm.

## Background

Pearson was charged by information with assaulting his roommate Kenneth Summers. At trial, Summers testified that he had used the last two slices of bread to make himself a sandwich. A couple of days later, Pearson confronted him about eating the bread and said something about throwing hot cooking grease on him. Summers did not believe Pearson at first, but he felt threatened when he saw that there was an actual pan of hot grease on the stove in the kitchen.

Summers testified that he then went outside to clean up the driveway and to put up his tools. When he was done, he walked back inside the house to go to his bedroom, which required him to walk through the kitchen. Summers stated that as he was walking to his bedroom, Pearson began following behind him. Summers did not know if Pearson had the hot grease at that time. While Summers was walking to his bedroom, Pearson then swung at Summers. Summers initially testified that he could not remember whether Pearson made contact with him. Summers later indicated, however, that Pearson did, in fact, strike or slap him on the head while he was walking to his bedroom and that the strike or slap hurt him.

Summers testified that when he got to his bedroom, he then picked up a "rock bar" to protect himself. Summers swung the bar at Pearson, but Pearson overpowered him and grabbed the bar out of his hands. Pearson then used the bar to strike Summers on the leg and across the shoulder. Summers testified that it then appeared that Pearson was going to hit him in the head, so Summers held up his arm to block the strike. Pearson swung down at Summers with the bar and broke Summers's arm.

The trial court ultimately included instructions in the jury charge on self-defense and provocation. The jury found Pearson guilty of the offense of assault as charged in the information.

**Authority**

A claim of jury-charge error is reviewed in two steps. *See Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). We first determine whether there is error in the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If we conclude that there is error in the charge, then we analyze that error for harm. *Id.*

Article 36.14 of the Code of Criminal Procedure provides that the trial court "shall . . . deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14. "A defendant is [therefore] entitled to an instruction on self-defense if the issue is raised by the evidence, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the defense." *Elizondo v. State*, 487 S.W.3d 185, 196 (Tex. Crim. App. 2016) (quoting *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001)). Under section 9.31 of the Penal Code, a person acts in self-defense and justifiably uses force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force. TEX. PENAL CODE ANN. § 9.31(a).

But a defendant may forfeit his right to self-defense if he provokes the attack. *Elizondo*, 487 S.W.3d at 196. Subsection 9.31(b)(4) of the Penal Code provides that a person's use of force against another in self-defense is not justified if the person provoked

the other's use or attempted use of unlawful force, unless: (1) the person abandons the encounter, or clearly communicates to the other his intent to do so reasonably believing he cannot safely abandon the encounter; and (2) the other nevertheless continues or attempts to use unlawful force against the person. TEX. PENAL CODE ANN. § 9.31(b)(4). Thus, a provocation instruction must also be included in the jury charge, along with the self-defense instruction, when there is sufficient evidence:

> (1) that the defendant did some act or used some words which provoked the attack on him, (2) that such act or words were reasonably calculated to provoke the attack, and (3) that the act was done or the words were used for the purpose and with the intent that the defendant would have a pretext for inflicting harm upon the other.

*Smith v. State*, 965 S.W.2d 509, 513 (Tex. Crim. App. 1998). When reviewing the inclusion of a provocation instruction in the jury charge, we determine whether there was sufficient evidence from which a rational jury could have found every element of provocation beyond a reasonable doubt, viewing the evidence in the light most favorable to giving the instruction. *Id.* at 514.

## Discussion

Pearson first argues that the trial court erred in including an instruction on provocation in the jury charge because "the State's own theory of the offense demonstrated that the 'victim' [Summers] did not make the initial attack on [Pearson]." We disagree. While the State's primary theory of the offense was that Pearson initially attacked Summers by striking him in the back of the head as Summers was walking to his bedroom and that the crime of assault was complete at that time, the State's primary

theory of the offense is not the determiner of whether a provocation instruction was to be included in the jury charge.

The threshold question for whether a provocation instruction should be included in the jury charge is whether self-defense is an issue in the case. *Id.* at 513. A necessary predicate of self-defense being an issue in the case is that there is some evidence that the alleged victim made the first attack on the defendant. *Id.* If it is determined that self-defense is an issue in the case, then the next question is whether there is sufficient evidence of all three of the *Smith* elements stated above. *Id.* If it is determined both that self-defense is an issue in the case and that there is sufficient evidence of all three of the *Smith* elements, then a provocation instruction is to be included in the jury charge. *Id.*

Here, Pearson acknowledges that the evidence raised the issue of self-defense. Furthermore, as explained below, we believe that there was sufficient evidence in this case of all three of the *Smith* elements. Therefore, a provocation instruction was properly included in the jury charge. *See id.*

Pearson argues, however, that the State is estopped from claiming both that (1) Pearson committed the offense when he made the initial attack on Summers and struck Summers in the back of the head and (2) Summers made the initial attack on Pearson with the "rock bar" but Pearson still committed the offense when he grabbed the bar from Summers and struck Summers with it because Pearson forfeited his right to self-defense by provoking the attack by Summers. Pearson contends that the State is estopped from arguing both positions because such positions are inconsistent. However, we have found no authority supporting Pearson's contention. To the contrary, the State is allowed to

plead all alternative theories of the offense that the evidence may ultimately prove. *Price v. State*, 59 S.W.3d 297, 301 (Tex. App.—Fort Worth 2001, pet. ref'd). In other words, the State is allowed to anticipate variances in the proof by pleading alternative "manners and means" when proof of any one theory of the offense will support a guilty verdict. *Id.* Furthermore, a jury is free to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). And in this case, depending on the evidence believed by the jury, the jury could have found Pearson guilty of the charged offense by finding either that Pearson struck Summers in the back of the head as Summers was walking to his bedroom or that Summers made the initial attack on Pearson to which Pearson responded by using force against Summers but that Pearson provoked the attack by Summers and therefore forfeited his right to self-defense.

Pearson next argues that the trial court erred in including a provocation instruction in the jury charge because the evidence was insufficient to show that he "did some act or used some words intended to and calculated to bring on the difficulty." In other words, Pearson contends that there was insufficient evidence to support all three of the *Smith* elements. *See Smith*, 965 S.W.2d at 513. Again, we disagree.

First, for a provocation instruction to be required in the jury charge, there must be some evidence from which a rational jury could find beyond a reasonable doubt that some of the defendant's acts or words actually caused the attack on him. *Elizondo*, 487 S.W.3d at 199 (citing *Smith*, 965 S.W.2d at 514). Here, Summers testified that Pearson threatened to throw hot cooking grease on him, that Pearson subsequently began following him as he walked to his bedroom, and that Pearson then swung at him.

Summers testified that he therefore picked up the "rock bar" when he got to his bedroom to protect himself and then swung it at Pearson. Accordingly, there was some evidence from which a rational jury could have found beyond a reasonable doubt that Pearson's acts or words actually caused the attack on him. *See id.*

The second *Smith* element necessitates that Pearson's acts or words were reasonably calculated to provoke the attack. *See Smith*, 965 S.W.2d at 517. "An act is reasonably calculated to cause an attack if it is reasonably capable of causing an attack, or if it has a reasonable tendency to cause an attack." *Id.* "[W]hether an act is reasonably calculated to cause an attack can be determined from circumstantial evidence." *Id.* "The question of whether an act or words were reasonably calculated to cause an attack is a question of fact for the jury to resolve." *Id.*

Here, the jury could have found that Pearson first threatened to throw hot cooking grease on Summers, that Pearson subsequently began following Summers as he walked to his bedroom, and that Pearson then swung at Summers. This evidence supports a conclusion that Pearson's acts or words were reasonably capable of causing Summers to pick up the "rock bar" and swing it at Pearson or had a reasonable tendency to cause Summers to pick up the "rock bar" and swing it at Pearson. Accordingly, there was sufficient evidence from which a rational jury could have found beyond a reasonable doubt that Pearson's acts or words were reasonably calculated to provoke the attack. *See id.*

Lastly, the third *Smith* element requires that Pearson acted or spoke with the purpose and intent that he would have a pretext for inflicting harm on Summers. *See id.*

at 513, 518. "A defendant's intentions can be determined from his words, acts, and conduct, occurring before, during, or after the provocation." *Elizondo*, 487 S.W.3d at 201 (citing *Smith*, 965 S.W.2d at 514). The question of intent is a fact question to be determined by the jury from all the circumstances. *Id.*; *Smith*, 965 S.W.2d at 518. The Court of Criminal Appeals has also noted that a reviewing court's determination of insufficient evidence to support a jury's finding of intent occurs only in "exceptional and extraordinary situations." *Elizondo*, 487 S.W.3d at 202; *Smith*, 965 S.W.2d at 519.

We conclude here that there was sufficient evidence from which a rational jury could infer the requisite intent. As stated above, the jury could have found that Pearson first threatened to throw hot cooking grease on Summers, that Pearson subsequently began following Summers as he walked to his bedroom, and that Pearson then swung at Summers. This evidence of Pearson's escalating threats toward Summers supports the conclusion that Pearson intended to provoke an attack from Summers.

Viewing the evidence in the light most favorable to giving the provocation instruction, we therefore conclude that there was sufficient evidence from which a rational jury could have found every element of provocation beyond a reasonable doubt. *See Smith*, 965 S.W.2d at 514. Thus, the trial court did not err in including an instruction on provocation in the jury charge. *See id.* We overrule Pearson's sole issue.

## Conclusion

Having overruled Pearson's sole issue, we affirm the trial court's judgment.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
(Chief Justice Gray concurs.)
Affirmed
Opinion delivered and filed July 11, 2024
Do not publish
[CR25]

