**Affirmed and Memorandum Opinion filed February 4, 2020.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-18-00923-CR

**DANIEL ALFARO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 144th District Court
Bexar County, Texas
Trial Court Cause No. 2018CR7958**

## M E M O R A N D U M   O P I N I O N

Appellant Daniel Alfaro appeals his conviction for stalking and seeks a new trial based on alleged jury charge error. He argues that the charge erroneously allowed the jury to convict him based on a knowing mental state, when the State was required to prove intent. We need not decide appellant's charge error complaint because any error did not result in egregious harm. Accordingly, we affirm the trial court's judgment.

## Background

A Bexar County grand jury indicted appellant for the offense of stalking. Tex. Penal Code § 42.072(a). Appellant pleaded not guilty, and the case proceeded to trial. The State produced evidence that between May 24 and September 10, 2017, appellant on more than one occasion engaged in harassing or threatening conduct toward a former girlfriend, Denise.

Appellant and Denise dated for approximately two months in the spring of 2017. The two met at a car wash, where Denise gave appellant her phone number. The couple became intimate within a few weeks of meeting, and appellant began spending the night at Denise's mother's home, where Denise lived with her two children.

At the end of May 2017, Denise began seeing what she described as "red flags" in appellant's behavior, and she told appellant she wanted to stop seeing him. After the couple broke up, appellant repeatedly called Denise's phone until she blocked his number. Denise subsequently received calls and texts "at all hours of the night, throughout the day" from numbers she did not recognize, but she believed appellant was the one calling and texting. According to Denise, one text stated, "If you don't call me, it's going to get worse." She blocked the phone numbers and eventually changed her own phone number. Denise testified that appellant had a spare key to her car, and he would trigger the car alarm to get her to come outside and talk to him. Appellant also appeared unannounced and uninvited to Denise's mother's house "a couple times [a] week," including one morning when Denise found appellant sitting in a lawn chair by the front door.

Appellant once "aggressively" followed Denise and a friend in their car late at night. As Denise described events, appellant was driving "like in a rage. Just like he was trying -- he didn't care if he damaged his car, he didn't care if he

flipped us over, he didn't care. . . . And he's just like trying to ram the vehicle." At one point, appellant got close to Denise's vehicle, held up the car key to the window, and said "I have it." Then appellant got out of his car, hit the side of Denise's car, and asked Denise's friend "to get out and fight." Denise and her friend drove away, but appellant followed them at a fast speed, until Denise and her friend pulled into a university campus police station. Denise said that she had "never been that scared in [her] life."

The trial court submitted to the jury the charged offense of stalking, as well as the lesser-included offense of harassment. Appellant did not object to the charge language. The jury found appellant guilty of stalking as charged in the indictment and sentenced appellant to seven years' confinement.

Appellant timely appealed.

## Analysis[1]

In a single issue, appellant argues that the trial court submitted an erroneous jury charge. According to appellant, the charge permitted the jury to convict appellant of stalking based only on knowing conduct, but that one of the possible predicate offenses—harassment—requires a higher culpable mental state of intent.

### A. Standard of review

We review complaints of charge error in two steps. *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). First, we determine whether error exists in the charge. *Ngo v. State*, 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005). Second, we review the record to determine whether sufficient harm was caused by the error to require reversal of the conviction. *Id.*

---

[1] The Supreme Court of Texas transferred this case to our court from the Fourth Court of Appeals. *See* Tex. Gov't Code § 73.001. We are unaware of any conflict between Fourth Court of Appeals precedent and that of this court on any relevant issue. *See* Tex. R. App. P. 41.3.

3

The degree of harm necessary for reversal depends on whether the appellant preserved the error by objecting to the charge on the same grounds he raises on appeal. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). Appellant did not object to the charge. When charge error is not preserved, as in this case, reversal is not required unless the charge error caused egregious harm. *Id.*; *see also* Tex. Code Crim. Proc. art. 36.19.

Charge error is egregiously harmful only when it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006). That is, the error must have been so harmful that the defendant was effectively denied a fair and impartial trial. *Almanza*, 686 S.W.2d at 172. Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis. *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). Under *Almanza*, the record must show that the charge error caused the defendant actual, rather than merely theoretical, harm. *Ngo*, 175 S.W.3d at 750.

**B.     The statutory definitions of stalking and harassment**

As relevant here, a person commits the offense of stalking if:

the person, on more than one occasion and pursuant to the same scheme or course of conduct that is directed specifically at another person, knowingly engages in conduct that:

(1) constitutes an offense under Section 42.07, or that the actor knows or reasonably should know the other person will regard as threatening:

(A) bodily injury or death for the other person; [or] . . .

(C) that an offense will be committed against the other person's property;

(2) causes the other person [or] a member of the other person's family . . . to be placed in fear of bodily injury or death or in fear

4

that an offense will be committed against the other person's property, or to feel harassed, annoyed, alarmed, abused, tormented, embarrassed, or offended; and

(3) would cause a reasonable person to:

(A) fear bodily injury or death for himself or herself; . . .

(C) fear that an offense will be committed against the person's property; or

(D) feel harassed, annoyed, alarmed, abused, tormented, embarrassed, or offended.

Tex. Penal Code § 42.072(a).

Section 42.07 refers to the offense of harassment. Under that statute, a person commits the offense of harassment if, "with intent to harass, annoy, alarm, abuse, torment, or embarrass another," the person, *inter alia*:

(2) threatens, in a manner reasonably likely to alarm the person receiving the threat, to inflict bodily injury on the person or to commit a felony against . . . the person's property; . . .

(4) causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another; [or] . . .

(7) sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

*Id.* § 42.07(a)(2), (4), (7).

## C.    The jury charge

The jury charge in this case defined the offenses of stalking and harassment in the abstract portion of the charge. In the application paragraph for the stalking offense, the charge provided:

Now, if you find from the evidence beyond a reasonable doubt that on more than one occasion, and pursuant to the same scheme or course of

5

conduct, on or about the 24th day of May 2017, through on or about the 10th day of September, 2017, in Bexar County, Texas, the defendant, Daniel Alfaro, did *knowingly engage in conduct* directed towards [Denise], to-wit: by following [Denise], or by threatening bodily injury to [Denise], or causing [Denise] to fear that an offense would be committed against [Denise's] property, or by parking outside [Denise's] residence, or by repeatedly calling [Denise], or by repeatedly texting [Denise], or by entering onto the property of [Denise], or by contacting a family member of [Denise], or by sending repeated electronic communications to [Denise], that caused [Denise] to feel harassed, annoyed, alarmed, abused, tormented, embarrassed, or offended, and said conduct would cause a reasonable person to feel harassed, annoyed, alarmed, abused, tormented, embarrassed or offended;

Then you will find the defendant guilty of stalking as charged in the indictment.

(Emphasis added).

## D. Application

According to appellant's reading, the charge is erroneous because it authorizes a stalking conviction based solely on "knowing conduct," without instructing the jury that it must also find that appellant committed at least two predicate acts "with intent to harass, annoy, alarm, abuse, torment, or embarrass another," as required by the harassment statute. Tex. Penal Code §§ 42.07(a), 42.072(a).

Appellant's argument misapprehends the stalking statute. The jury was not required to find two predicate acts of harassment before convicting him of stalking. A person can commit the offense of stalking by two means: (1) by knowingly engaging in conduct that constitutes harassment under section 42.07; *or* (2) by knowingly engaging in conduct that the actor knows or reasonably should know the other person will regard as threatening bodily injury, death, or an offense to

property. *See id.* § 42.072(a)(1). The jury could have convicted appellant of stalking based on conduct that does not constitute harassment under section 42.07.

Ultimately, we need not decide whether the charge is erroneous as submitted in this case, because appellant was not egregiously harmed by any error. In determining whether an error is egregiously harmful, we consider not only the allegedly erroneous portion of the charge, but also other relevant aspects of the trial. *See Sanchez*, 209 S.W.3d at 121; *Almanza*, 686 S.W.2d at 171. These relevant aspects include: (1) the entirety of the charge itself; (2) the state of the evidence including contested issues and the weight of the probative evidence; (3) the arguments of counsel; and (4) any other relevant information revealed by the trial record as a whole. *See Sanchez*, 209 S.W.3d at 121.

***Entire charge.*** The charge included the definition of harassment in the abstract portion of the charge: "Our law provides that a person commits the offense of harassment if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person [engages in certain proscribed conduct] . . . ." Thus, the charge correctly defined the offense of harassment.

Other than omitting an allegedly required instruction from the application paragraph for the stalking offense that the jury must find that appellant engaged in conduct with the intent to commit harassment, appellant does not identify any other portion of the charge that was erroneous. This factor weighs against a finding of egregious harm.

***Trial evidence.*** As explained above, the jury could have found that appellant committed the offense of stalking by, on more than one occasion, knowingly engaging in conduct that appellant knew or reasonably should have known that Denise would regard as threatening bodily injury, death, or an offense

against property.[2]  Tex. Penal Code § 47.072(a).  When a jury returns a general guilty verdict on an indictment charging alternate methods of committing the same offense, the verdict stands "if the evidence is sufficient to support a finding under any of the theories submitted."  *Kitchens v. State*, 823 S.W.2d 256, 258-59 (Tex. Crim. App. 1991).  The presence of overwhelming evidence of guilt plays a determinative role in resolving the issue and may be considered when assessing jury-charge error.  *See Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012).

Here, evidence established that appellant repeatedly called and texted Denise, including one text stating, "If you don't call me, it's going to get worse."  Appellant also repeatedly appeared uninvited to Denise's mother's house and activated Denise's car alarm to draw her out of the house.  Finally, Denise testified that she had "never been more scared in [her] life" on the night when appellant chased Denise and her friend in their car.  According to Denise, appellant was speeding and he "didn't care if he tilted our vehicle over or if we ran into another car."  Denise's mother testified that appellant had "tried to run [her] daughter over."  A police officer to whom Denise spoke after the incident testified that, to her understanding, appellant "was basically swerving near them, in [and] out of their lane, basically to where at the point where they were scared for their life."

From this evidence, a reasonable jury could find that appellant knowingly engaged in conduct on more than one occasion that he knew or reasonably should have known that Denise would regard as threatening injury to herself or to her property.  *See, e.g.*, *McGowan v. State*, 375 S.W.3d 585, 591 (Tex. App.—Houston

---

[2] In addition, the State also had to prove that appellant's conduct:  (1) caused Denise to feel harassed, annoyed, alarmed, abused, tormented, embarrassed, or offended; and (2) would cause a reasonable person to feel harassed, annoyed, alarmed, abused, tormented, embarrassed, or offended.  Tex. Penal Code § 47.072(a)(2)-(3).  Appellant does not contend that the State failed to meet its burden in proving these additional elements of the stalking offense.

[14th Dist.] 2012, pet. ref'd) (concluding that defendant's decision to ignore advice that he leave victim alone revealed defendant's knowledge regarding his conduct and supported conviction for stalking); *Hancock v. State*, No. 14-15-00768-CR, 2017 WL 1540785, at *2 (Tex. App.—Houston [14th Dist.] Apr. 25, 2017, pet. ref'd) (mem. op., not designated for publication) (evidence that appellant made threats over the phone and followed the victim supported stalking conviction); *Maxie v. State*, No. 06-12-00140-CR, 2013 WL 839144, at *4-5 (Tex. App.— Texarkana Mar. 1, 2013, no pet.) (mem. op., not designated for publication) (affirming stalking conviction where the evidence illustrated that appellant made no actual threat but rather appeared several times at the victim's house late at night asking for money and refused to leave until given money); *accord also McDonald v. State*, No. 11-96-047-CR, 1997 WL 33798085, at *2 (Tex. App.—Eastland Apr. 3, 1997, pet. ref'd) (mem. op., not designated for publication) (jury could have found that appellant intentionally or knowingly threatened police officer with bodily injury by engaging in high-speed chase and swerving at officer's car).

This factor weighs heavily against a finding of egregious harm. *See Sanchez*, 376 S.W.3d at 776.

***Jury arguments.*** The prosecutor told the jury that the charge "will show you a whole list of ways that the State can prove and has proved the stalking, . . . [but] not all 12 of you have to agree on the exact same incidents. You four can agree that the texts were harassing and that he ran her off the road. You four can agree that the texts were harassing . . . and that he showed up at her house unwanted and so on." It is a correct statement of the law that the jury need not unanimously agree on alternate modes or means of committing an offense, *see Jefferson v. State*, 189 S.W.3d 305, 311 (Tex. Crim. App. 2006), although the prosecutor's exemplars of "harassing" behavior supports appellant's argument that

the charge erroneously conflated intentional harassment and other proscribed conduct committed knowingly.

On the other hand, appellant's counsel conceded during closing argument that appellant committed harassment:

> What Daniel Alfaro is guilty of is what was tried on the charge under harassment. He harassed Denise [] from the end of May through June. And then it ended. Did he break the law? He sure did.

Appellant's concession that he committed harassment was an attempt to convince the jury that, if it convicted him, he was guilty only of the lesser-included offense of harassment. Appellant's trial strategy undermines his appellate complaint that the jury improperly convicted him of stalking without "first find[ing] that appellant committed at least two predicate acts 'with the intent to harass'" Denise.

Further, appellant's counsel emphasized the distinction between the culpable mental states required for harassment and stalking:

> The harassment also, if you read this page, has got a very important word. Just read it. Plain English. It's not a trick. When you're talking about someone engaging in stalking, the scheme and pattern, it's knowingly. Kind of a general type thing. Harassment, the word is intent. Intentional.

Appellant's clarification mitigated any chance that the jury would have been misled. Overall, this factor weighs heavily against a finding of egregious harm.

***Other relevant information from the record.*** Appellant does not direct us to any other relevant information in the record that would weigh in favor of a finding of egregious harm.

On balance, given the strength of the evidence that appellant committed stalking by a means other than harassment, coupled with appellant's concession

10

during closing argument that he had, in fact, committed harassment, we conclude that he did not suffer actual, egregious harm from any error in omitting an instruction that the jury must find that appellant committed harassment with an intentional culpable mental state.

We overrule appellant's issue.

## Conclusion

We affirm the trial court's judgment.


/s/    Kevin Jewell
Justice

Panel consists of Justices Wise, Jewell, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).