

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00099-CR

Robert **CANO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 477928
Honorable Genie Wright, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Karen Angelini, Justice
                 Jason Pulliam, Justice

Delivered and Filed:  September 2, 2015

AFFIRMED

Robert Cano appeals his conviction for the offense of violation of a protective order. In one issue on appeal, Cano argues the evidence was legally insufficient to support the jury's finding that he committed the offense of violation of a protective order. We affirm.

### BACKGROUND

Cano and the complainant, Evelyn Cano, were married in 2001 and had two children. In February 2013, Evelyn applied for a protective order against Cano. Cano agreed to the protective order, which prohibited him from, among other things, "communicating in any manner with

[Evelyn]." Cano then moved out of the family home and began living with his mother; however, he later moved back in so the couple could tried to work things out. Even though the protective order was still in place during this period of time, Evelyn and Cano lived together and started a business together. Then, in October 2014, Evelyn moved to the women's shelter. After Cano moved out again, Evelyn returned to the house. On December 10, 2014, as Evelyn was taking her daughter to work, Cano began following them in his car. After she dropped off her daughter, Cano began chasing Evelyn. She called the police and, when she got home and drove into her driveway, Cano followed her. He then backed out of the driveway and took off. According to Evelyn's testimony at trial, Cano never got out of the car while he was chasing her. She did testify that, while in the driveway, he spoke to her. However, she could not remember what he said. Evelyn also could not remember what she reported to the police that day about whether Cano got out of his car and banged on the windows of her car door.

The police officer who arrested Cano for violation of the protective order, Officer Melisa Guajardo, testified that she responded to Evelyn's 911 call. As she arrived on the street, she saw Cano's vehicle driving away from the direction of Evelyn's house. Officer Guajardo testified that she observed the vehicle pull into another driveway, back out, and then take off. Officer Guajardo stopped and detained Cano for violation of a protective order. Cano told her that he had not been at Evelyn's house, but that he had driven by because his kids lived there and he was on his way to a friend's house. According to Officer Guajardo, another officer went to talk to Evelyn, who reported that Cano had been banging on the windows of her car door when they were in the driveway.

The information charged the following:

on or about the 10th Day of December, 2014, ROBERT CANO, hereinafter referred to as defendant, did intentionally and knowingly violate [a protective order], issued under the Texas Family Code Sec. 85.005, by intentionally and knowingly

communicating directly in person with EVELYN CANO in violation of a court order prohibiting any communication.

The offense with which Cano was charged provides in part that a person commits an offense if, in violation of an order issued under Chapter 85 of the Family Code, the person communicates in any manner with the protected individual. TEX. PENAL CODE ANN. § 25.07(a)(2)(C) (West Supp. 2014).

The jury charge provided that the jury should find Cano guilty if it found beyond a reasonable doubt that Cano violated a protective order by intentionally and knowingly communicating with Evelyn in person in violation of a court order prohibiting any communication. After hearing the evidence and deliberating, the jury found Cano guilty.

## DISCUSSION

In a federal due-process evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). The court of criminal appeals has explained that this standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Adames*, 353 S.W.3d at 860. Therefore, on appellate review, we determine whether based on "cumulative force of all the evidence" the necessary inferences made by the trier of fact are reasonable. *Id.* We conduct this constitutional review by measuring the evidentiary sufficiency with "explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.*

Cano argues that, despite all the testimony regarding Cano's direct communication with Evelyn while the protective order was in place, this appeal only concerns whether Cano

communicated directly with Evelyn on December 10, 2014. And, according to Cano, the evidence shows he did not communicate with Evelyn on December 10, 2014. He concedes that the evidence shows he followed Evelyn, turned into her driveway, backed out of her driveway, and spoke with her (although Evelyn did not recall what he said). This, according to Cano, shows he did not communicate with Evelyn.

In support of his argument, Cano refers to the dictionary definition of "communicate," noting that there is no criminal statutory definition of the word. *See Cortez v. State*, No. PD-0501-14, 2015 WL 3776495, at *3 (Tex. Crim. App. June 17, 2015) (explaining that statutory interpretation is a question of law and a court should examine the literal text of the statute and if the meaning of the statutory text should have been plain to the legislators who voted on it, a court should ordinarily give effect to that plain meaning unless doing so would cause an absurd result). According to *Webster's Dictionary*, "communicate" means "to convey knowledge of or information about;" "make known;" and "to reveal by clear signs." *Webster's Ninth New Collegiate Dictionary* 266 (9th ed. 1990). In applying this definition, the testimony reflects that by speaking to Evelyn, Cano communicated with her in that he necessarily conveyed some information to her. The fact that Evelyn cannot remember what Cano said to her does not make the information any less of a communication. We therefore hold the evidence is legally sufficient to support the jury's finding that he violated a protective order.

Cano also argues that Evelyn's testimony was not credible because she testified at trial Cano did not get out of the car yet reported to the officer at the time of the alleged offense that Cano did get out of his car and banged on her car window. Credibility of a witness, however, is a matter for the jury to determine. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007) (stating that appellate court may not re-evaluate the weight and credibility of the evidence and thereby substitute its judgment for that of the fact-finder).

The trial court's judgment is affirmed.

Karen Angelini, Justice

Do not publish