

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00360-CR

**PEDRO PABLO PENA, JR.,**

          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

          **Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2017-2086-C1

## MEMORANDUM OPINION

In two issues, appellant, Pedro Pablo Pena Jr., challenges his conviction for one count of aggravated assault. *See* TEX. PENAL CODE ANN. § 22.02. Specifically, Pena argues that the trial court erred by: (1) failing to grant his request for a multiple-assailants instruction in the guilt-innocence jury charge; and (2) unlawfully limiting his self-defense claim in the guilt-innocence jury charge. We affirm.

# I.   BACKGROUND

In the instant case, Pena was charged by indictment with two counts of aggravated assault against James Hernandez and Cody Hightower.  In the first count, the State alleged that Pena intentionally, knowingly, and recklessly caused bodily injury to Hernandez by "stabbing and/or cutting him" with a deadly weapon—a knife.  The second count alleged that Pena intentionally or knowingly threatened Hightower with imminent bodily injury by exhibiting and throwing a knife at or near him.  The indictment also contained an enhancement paragraph that referenced Pena's prior conviction in Eastland County, Texas, for assault on a public servant.

The case proceeded to trial before a jury.  At the conclusion of the trial, the jury found Pena guilty of the offense of aggravated assault against Hernandez.  Thereafter, the trial court accepted Pena's plea of "true" to the enhancement paragraph contained in the indictment.  The jury subsequently sentenced Pena's to forty years' confinement in the Institutional Division of the Texas Department of Criminal Justice.  The jury found Pena not guilty of the second aggravated-assault allegations as to Hightower.

The trial court certified Pena's right of appeal.  This appeal followed.

# II.   THE JURY CHARGE

In both of his issues on appeal, Pena challenges the language contained in the guilt-innocence jury charge.  In his first issue, Pena contends that the trial court erred by failing

to include a multiple-assailants instruction in the charge. In his second issue, Pena asserts that the trial court unlawfully limited his self-defense claim in the charge.

## A. Applicable Law

In reviewing a jury-charge issue, an appellate court's first duty is to determine whether error exists in the jury charge. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If error is found, the appellate court must analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003).

The purpose of the jury charge is to inform the jury of the applicable law and guide the jurors in applying it to the facts of the case. *Hutch*, 922 S.W.2d at 170. Article 36.14 of the Code of Criminal Procedure requires the trial court to deliver to the jury "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14; *see Taylor v. State*, 332 S.W.3d 483, 486 (Tex. Crim. App. 2011). This duty exists even when defense counsel fails to object to inclusions or exclusions in the charge. *See Taylor*, 332 S.W.3d at 486. As such, the trial court may have to sua sponte instruct the jury on the law applicable to the case. *Id.*

## B. Discussion

We first address Pena's complaint about the multiple-assailants instruction. A trial court errs when it fails to provide an instruction on multiple assailants and self-defense if the issues are raised by the evidence. *See Frank v. State*, 688 S.W.2d 863, 868 (Tex. Crim. App. 1985). The defendant is entitled to a charge on a defensive issue if raised

by the evidence, even if that evidence is weak or contradicted, and regardless of whether the trial court finds the evidence credible. *Id.*; *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). As explained by now-Presiding Judge Keller,

> The theory behind the multiple assailants charge is that, when it is clear that an attack is being conducted by multiple people as a group, a defendant is justified in using force against any member of the group, even if the recipient of that force is not engaging in conduct that would, by itself, justify the use of force (or deadly force as the case may be). For example, if a defendant was trapped in a house with several hostile individuals, some of whom were brandishing firearms and threatening the defendant, the defendant may be justified in using deadly force against a different person who was blocking an exit that would otherwise be a viable path of retreat. The use of deadly force against the person blocking the exit would be justified, even though that person possessed no firearms and made no threatening moves, because of that person's complicity with those who threatened the defendant's life. The rule concerning multiple assailants is essentially an application of the law of parties to the defendant's assailants.

*Dickey v. State*, 22 S.W.3d 490, 493 (Tex. Crim. App. 1999) (Keller, J., concurring).

Here, the trial court provided the following instruction:

If you have found that the State has proved the offense beyond a reasonable doubt, you must next decide whether the State has proved that the Defendant's conduct was not justified by self-defense.

To decide the issue of self-defense, you must determine whether the State has proved, beyond a reasonable doubt, one of the following:

1. The Defendant did not believe that his conduct was immediately necessary to protect himself and/or Lazaro Pena against JAMES HERNANDEZ and/or CODY HIGHTOWER's use or attempted use of unlawful deadly force; or to prevent JAMES HERNANDEZ and/or CODY HIGHTOWER's imminent commission or attempted commission of murder.

2. The Defendant's belief was not reasonable.

The above language is a multiple-assailants instruction, as the instruction refers to Pena's right of self-defense as to multiple assailants—Hernandez and Hightower. *See id.*; *Frank*, 688 S.W.2d at 868 ("[A] defendant is entitled to a charge on the right of self-defense against multiple assailants if, 'there is evidence, viewed from the accused's standpoint, that he was in danger of an unlawful attack or a threatened attack at the hands of more than one assailant.'" (quoting *Wilson v. State*, 140 Tex. Crim. 424, 145 S.W.2d 890, 893 (Tex. Crim. App. 1940))); *see also Weekley v. State*, No. 01-18-00543-CR, 2020 Tex. App. LEXIS 420, at *20 (Tex. App.—Houston [1st Dist.] Jan. 16, 2020, no pet.) (mem. op., not designated for publication); *Otis v. State*, No. 07-96-0010-CR, 1997 Tex. App. LEXIS 3611, at *6 (Tex. App.—Amarillo July 9, 1997, no pet.) (not designated for publication). Therefore, we reject Pena's contention that the trial court erred by allegedly failing to give a multiple-assailants instruction in the guilt-innocence charge.[1]  *See* TEX. CODE CRIM. PROC. ANN. art. 36.14; *Taylor*, 332 S.W.3d at 486; *Hutch*, 922 S.W.2d at 170; *Frank*, 688

---

[1] It is undisputed that the evidence adduced at trial raised the issue of multiple assailants. Indeed, the record contains testimony that Hernandez, Hightower, Pena, and his brother, Lazaro, had been eating and drinking during a day visit to BSR Cable Park in Waco, Texas. As they were leaving the cable park, Pena invited the group back to his apartment. Lazaro was very inebriated and laid down on an air mattress. Thinking it would be funny, Hightower let out all the air in Lazaro's air mattress. Lazaro woke up very angry and a fight ensued. Lazaro rushed at Hernandez and Hightower. Hernandez side-stepped Lazaro and punched him in the side of his jaw. According to Pena, Hernandez and Hightower then began to kick and punch Lazaro while Lazaro was lying on the ground allegedly unconscious. Up until this point, Pena had been observing the scuffle from another room. However, after allegedly seeing his brother being kicked and punched while down on the ground, Pena grabbed a 12-inch knife with an 8-inch blade, began screaming at Hernandez and Hightower, and ultimately stabbed Hernandez several times in the back.

S.W.2d at 868; *see also Weekley*, 2020 Tex. App. LEXIS 420, at *20; *Otis*, 1997 Tex. App. LEXIS 3611, at *6.  We overrule Pena's first issue.

In his second issue, Pena complains that the trial court limited the application of self-defense to the commission or attempted commission of murder.  Again, this contention misstates the instruction contained in the charge.  As mentioned earlier, the multiple-assailants instruction contained in the application portion of the charge did not limit the application of self-defense to only the commission or attempted commission of murder.  Rather, the instruction also provided that self-defense could apply to the "use or attempted use of unlawful deadly force" by Hernandez and/or Hightower.  Moreover, in the abstract portion of the charge, the following instructions were provided as to self-defense:

> A person's use of deadly force against another that would otherwise constitute the crime of Aggravated Assault is not a criminal offense if he reasonably believed the force used was immediately necessary to protect himself or another person against the other's use or attempted use of unlawful deadly force.

> A person's use of deadly force against another that would otherwise constitute the crime of Aggravated Assault is not a criminal offense if he reasonably believed the force used was immediately necessary to prevent the other's imminent commission of murder.

Therefore, based on the foregoing, we reject Pena's second contention that the trial court unlawfully limited the application of self-defense to the commission or attempted commission of murder.  Because we do not find error in the charge, we need not conduct a harm analysis.  *See Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015) ("Because

we conclude that the charge was not erroneous in this case, we do not conduct a harm

analysis."); *see also Hutch*, 922 S.W.2d at 170.  As such, we overrule Pena's second issue.

### III.    CONCLUSION

Having overruled both of Pena's issues, we affirm the judgment of the trial court.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
        Justice Neill,
        and Justice Johnson
Affirmed
Opinion delivered and filed February 3, 2021
Do not publish
[CRPM]

