In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00185-CR
_____

HUDSON BORGELLA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 128th District Court
Orange County, Texas
Trial Cause No. A190463-R

**MEMORANDUM OPINION**

The trial court convicted Hudson Borgella of the second-degree felony offense of fraudulent use or possession of identifying information and sentenced him to six years confinement in the Institutional Division of the Texas Department of Criminal Justice. *See* Tex. Penal Code Ann. § 32.51(c)(3). In a single issue, Borgella challenges the trial court's denial of his Motion to Dismiss State's Indictment. We affirm the trial court's judgment.

1

BACKGROUND

An Orange County grand jury indicted Borgella as follows:

> THE GRAND JURY, for the County of Orange, State of Texas, duly selected, empaneled, sworn, charged, and organized as such at the JULY Term A.D. 2019 of the 163RD Judicial District Court for said County, upon their oaths present in and to said court at said term that HUDSON BORGELLA hereinafter styled Defendant, on or about April 11, 2019, and before the presentment of this indictment, in the County and State aforesaid,
>
> did then and there, with intent to harm or defraud another, possess ten or more but less than fifty items of identifying information of three or more persons, to wit: [Complainant 1], [Complainant 2], [Complainant 3], and [Complainant 4], hereinafter styled the complainants, without the consent of the said complainants, and the identifying information was two drivers licenses, six debit cards, a checkbook, a Texas license to carry a handgun, and an American Express card.
>
> against the peace and dignity of the State.

The heading of the indictment indicated the offense was "Fraudulent Use or Possession of Identifying Information," and noted the Penal Code section as "32.51x3." Borgella filed a Motion to Dismiss the State's Indictment asserting the identical arguments he raises on appeal. The trial court denied the Motion to Dismiss in its Order of Denial.

ANALYSIS

In his sole issue, Borgella challenges the trial court's denial of his Motion to Dismiss the State's Indictment, contending the indictment is void because it "fails

2

to incorporate the proper element required by law as well as fails to support the validity upon which a conviction could stand." In support of this assertion, Borgella argues the indictment alleges four complaining witnesses and "that the Defendant possessed identifying information from the complainants without their consent and with the intent to harm or defraud the complainants," but failed to allege which pieces of identifying information belong to which complainant, "thereby [a]ffecting the punishment range and jurisdiction."

We review the trial court's order on a motion to dismiss an indictment under a bifurcated standard. *State v. Krizan-Wilson*, 354 S.W.3d 808, 815 (Tex. Crim. App. 2011). We must give almost total deference to the trial court's fact findings that are supported by the record and to its determinations of mixed questions of law and fact that depend on witness credibility. *Id.* We review de novo any determinations of pure legal questions and of mixed questions that do not depend on witness credibility. *Id.*

A person commits the offense of fraudulent use or possession of identifying information if the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of identifying information of another person without the other person's consent. Tex. Penal Code Ann. § 32.51(b)(1). For purposes of subsection (b)(1) of the statute, the actor is presumed to have the intent to harm or defraud another person if the actor possesses the identifying information

of three or more persons. *Id.* § 32.51(b-1)(1). An offense under section 32.51 is a felony of the second degree if the number of items obtained, possessed, transferred or used is "10 or more but less than 50[.]" *Id.* § 32.51(c)(3).

To meet the constitutional definition of "indictment" and vest the court with personal and subject matter jurisdiction, the indictment must: (1) charge a person; and (2) charge the commission of an offense. *Jenkins v. State*, 592 S.W.3d 894, 898 (Tex. Crim. App. 2018) (citing Tex. Const. art. V, § 12(b)). An indictment with a substantive defect can still qualify as one that vests the trial court with jurisdiction. *Id.* (citing *Studer v. State*, 799 S.W.2d 263, 271 (Tex. Crim. App. 1990)). An indictment is sufficient if it

> charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment[.]

Tex. Code Crim. Proc. Ann. art. 21.11.

Borgella appears to complain that the second requirement was not met – that the indictment did not charge the commission of an offense. Borgella contends that "the State's indictment not only does not track the statute, but it combines and comingles the different parts of the statute to create an offense that does not exist, and one that misstates the actual punishment range." Borgella further states the

4

offense requires "an owner of property or provider of services whose interests are inherently jeopardized by the conduct constituting the offense."

To obtain a conviction in this case, the State was required to prove each of the following elements: (1) Borgella possessed an item of identifying information belonging to another person, and the total number of items was 10 or more but less than 50; (2) Borgella possessed each item without the other person's consent; and (3) Borgella possessed each item with the intent to harm or defraud the other person. Tex. Penal Code Ann. § 32.51(a)(1), (b)(1), (b-1)(1), (c)(3). Despite his contention, the indictment alleges Borgella committed fraudulent use or possession of identifying information as defined in section 32.51. *See id*. Further, the indictment specifies all the complaining witnesses.

Regarding the punishment range, Borgella asserts the punishment ranges listed in section 32.51(c) are "for the number of items possessed that belong to the *one complaining witness*." Borgella argues that an indictment for fraudulent use or possession of identifying information requires that there be only one complaining witness per indictment that specifies the specific identifying information with the specific complaining witness.

Borgella cites to no authority for this proposition, nor do we find any to support it. In fact, the Court of Criminal Appeals has indicated the opposite. The

5

Court has held that "the statute elevates the range of punishment depending on 'the number of items' of identifying information fraudulently used or possessed," and that the "use or possession of ten to forty-nine items" is punished as a second-degree felony. *Cortez v. State*, 469 S.W.3d 593, 599 (Tex. Crim. App. 2015); *see also* Tex. Penal Code Ann. § 32.51(c). Thus, the focus of punishment under the statute is on the number of items, not the number of complainants. *See id.*; *see also, e.g., Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (holding that if language of a statute is clear and unambiguous, the plain meaning of those words is applied). Likewise, the statue clearly states that the law presumes that a defendant has the intent to harm or defraud another if the defendant possesses the identifying information of three or more persons. Tex. Penal Code Ann. § 32.51(b-1)(1). Thus, the statute contemplates that multiple complaining witnesses may be used in a single prosecution of the offense. *See id.*

The indictment in this case was sufficient to put Borgella on notice that the State charged him with the second-degree felony offense of fraudulent use or possession of identifying information and to vest the district court with jurisdiction. *See* Tex. Code Crim. Proc. Ann. art. 21.11; *Jenkins*, 592 S.W.3d at 898. Furthermore, there is no requirement under section 32.51(c) that the items of identifying information be from a single complaining witness to increase the punishment range.

6

We conclude the indictment is not void and the trial court did not err by denying Borgella's Motion to Dismiss State's Indictment. We overrule Borgella's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on March 6, 2023
Opinion Delivered July 26, 2023
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.

7