

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00175-CR

---

GLYNN COOPER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-0705, Honorable John McClendon III, Presiding

---

October 24, 2023

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Glynn Cooper, appeals his conviction for fraudulent use or possession of identifying information.[1]  He raises two issues: (1) the sufficiency of the evidence to prove his intent to harm or defraud and (2) error in the jury charge.  We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 32.51(b).

**BACKGROUND**

On the evening of August 19, 2020, a person called 911 after seeing Appellant, Glynn Cooper,[2] walking down the middle of a busy six-lane road in Lubbock, Texas. The caller was concerned for Appellant's safety because he was unbalanced and wearing dark clothing, making it difficult for drivers to see him. Lubbock police were dispatched and detained Appellant, who appeared visibly intoxicated. When officers requested identification, Appellant handed them his wallet. The arresting officer opened the wallet and removed Appellant's social security card and ID but did not search the wallet at that time. After consulting the other officers at the scene, the arresting officer informed Appellant he was under arrest for public intoxication and took him to jail.

During booking, while performing an inventory of Appellant's personal effects, the arresting officer found five additional identification cards in his wallet: two state ID cards and three driver's licenses belonging to five other persons. The arresting officer went to the holding cell and read Miranda warnings to Appellant and confronted him regarding the five identification cards. The officer asked Appellant whether he waived his right to counsel to speak with him, and Appellant stated he waived his right and began speaking with the arresting officer. Appellant claimed he found the cards and planned to give them back. The arresting officer asked why Appellant had not turned the IDs into the police, and Appellant replied he hadn't thought to do so. The State charged Appellant with fraudulent possession of identifying information.

---

[2] Documents in the record indicate Appellant's full name is in fact Charles Glynn Cooper, but he appears to go by Glynn.

At trial, the State, in its opening arguments, announced it did not plan to present any evidence of Appellant having stolen the identification in his possession, nor did it have any direct evidence of his intent to harm or defraud the owners of the identification. Rather, the State emphasized to the jury it did not have any such burden, and that a statutory presumption proved Appellant's intent to harm or defraud. The State introduced as witnesses the arresting officer and four of the five persons whose identifications were in Appellant's possession. The only witness called by Appellant was the arresting officer. Each owner of the identification presented at trial stated:

- they did not know Appellant;[3]
- Appellant did not steal or rob them of their identification;
- they did not have any issues of identity theft between the time they lost their identification and the time of trial;
- they replaced the missing identification within a month of losing it;[4] and
- their identification was lost or stolen over a year before the arrest of Appellant.

None of the owners of the identifications knew each other nor lived near each other. The arresting officer also confirmed a transient person could have gone "dumpster diving" and acquired identification, which would have been thrown away after a robbery or theft.

The jury convicted Appellant of fraudulent possession of identifying information of five persons. During the sentencing phase of the trial, because of Appellant's prior felonies from thirty years ago, the third-degree felony conviction was "double enhanced"

---

[3] One witness, whose purse was snatched from her, stated she is a childhood friend and Facebook friend of Appellant's daughter, but that she has never had any interactions with Appellant and also did not "hang out" with his daughter at the time of trial. She also confirmed Appellant was not the person who robbed her purse.

[4] One witness, a construction worker, took six months to replace his driver's license, although he did not appear to have an explanation as to why it took so long.

to a first-degree felony for purposes of punishment, and Appellant was sentenced to the statutory minimum of twenty-five years.

## APPLICABLE LAW

A person commits the offense of possession of fraudulent possession of identifying information if the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of identifying information of another person without the other person's consent or effective consent. TEX. PENAL CODE ANN. § 32.51(b). The actor is presumed to have the intent to harm or defraud another if the actor possesses the identifying information of three or more other persons. § 32.51(b-1).

Unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact, if there is sufficient evidence of facts giving rise to the presumption, the existence of the presumed fact must be submitted to the jury. § 2.05(a)(1). If the presumed fact is submitted to the jury, the trial court must include the following in the jury charge:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

4

§ 2.05(a)(2).

**ISSUE ONE—SUFFICIENCY OF THE EVIDENCE**

**STANDARD OF REVIEW**

The only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)*; see Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011); s*ee also Alfaro-Jimenez v. State*, 577 S.W.3d 240, 243–44 (Tex. Crim. App. 2019). We consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014) (citing *Jackson*, 443 U.S. at 318–19).

**ANALYSIS**

Appellant's first issue argues the State did not present sufficient evidence to prove his "intent to harm or defraud." § 32.51(b). Appellant does not contest the fact he possessed three or more persons' identifying information. The statutory presumption of intent applied because Appellant was found in possession of three or more persons' "identifying information." § 32.51(b-1)(1). Therefore, the jury was permitted to infer the fact of intent to harm or defraud. *Id.*

Accordingly, we find sufficient evidence upon which a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Dobbs*, 434 S.W.3d at 170. We overrule Appellant's first issue.

**ISSUE TWO—JURY CHARGE ERROR**

### STANDARD OF REVIEW

Appellate review of claimed jury-charge error involves a two-step process. *See Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015); s*ee also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). A reviewing court must initially determine whether charge error occurred. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015). If an appellate court finds charge error, the next step requires the reviewing court to analyze that error for harm. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

### ANALYSIS

Appellant's second issue argues the trial court erred in the jury charge instructions regarding the statutory presumption. Particularly, Appellant contends the inclusion of the presumption should have been accompanied with an additional reminder to the jury the State continued to have the burden of persuasion and proof despite the presumption, and the failure to do so made the jury charge impermissibly unconstitutional.[5]

---

[5] Appellant also argues the presumption "as applied" violated his Fifth and Sixth Amendment rights under the Constitution. However, Appellant did not object at trial on this basis and did not preserve the issue for appeal. *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014) ("Failure to object at trial may waive even constitutional errors.").

A statutory presumption, to be constitutional, must be permissive in its application, and the presumption does not relieve the State of its burden to prove the offense beyond a reasonable doubt. *Willis v. State*, 790 S.W.2d 307, 310 (Tex. Crim. App. 1990) (citations and internal quotations original). "Mandatory presumptions" are impermissible and require the jury to find a vital fact, whereas "permissive" presumptions merely allow the jury to infer a vital fact. *Id.* Mandatory presumptions are deemed unconstitutional because they eliminate the State's constitutionally required burden of proving guilt beyond a reasonable doubt. *Id.* Unlike the mandatory presumption, the permissive presumption allows, but does not require, the trier of fact to infer the elemental fact or ultimate fact from the predicate evidentiary fact or facts. *Id.* It places no burden on the accused to refute or disprove the elemental fact once the predicate facts have been established. *Id.*

The jury charge here included recitations contained in section 2.05(a)(2)(A) – (D), as outlined above. § 2.05(a)(2)(A)–(D). These recitations are a panacea, transforming unconstitutional "mandatory" presumptions into constitutional "permissive" presumptions. *Ross v. State*, 594 S.W.3d 566, 569–70 (Tex. App.—Amarillo 2019, no pet.); *Felkins v. State*, No. 07-17-00218-CR, 2019 Tex. App. LEXIS 4960, at \*4–5 (Tex. App.—Amarillo June 14, 2019, no pet.). The inclusion of section 2.05(a)(2)(A)–(D) in this case cures any constitutional issues regarding the presumption.

We do not find error in the jury charge. We therefore need not engage in the second part of the *Almanza* analysis to find harm in the record. Appellant's second issue is overruled.

7

**CONCLUSION**

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.

8