

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00883-CR

April Loreace **WILLIAMS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 18-0874-CR-B
Honorable Jessica Crawford, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: May 22, 2024

AFFIRMED

This appeal is on remand from the Texas Court of Criminal Appeals. Appellant April Loreace Williams appeals from her conviction for the delivery of a controlled substance (cocaine), penalty group one, in an amount of four grams or more but less than two hundred grams. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.112(a), (d). In an opinion dated May 20, 2020, this court reversed Williams's conviction after concluding her Sixth Amendment right to a public trial was violated. *See Williams v. State*, No. 04–18–00883–CR; 2020 WL 2543308 (Tex.

App.—San Antonio May 20, 2020) (mem. op.) (not designated for publication), *rev'd & remanded*, 664 S.W.3d 266 (Tex. Crim. App. 2022).

On the State's appeal to the Court of Criminal Appeals, the court determined that "under the totality of the circumstances presented [in this case], and assuming that a partial closure of the courtroom occurred, [the] closure, if any, was *de minimis* or trivial" and did not violate Williams's Sixth Amendment right to a public trial. *Williams*, 664 S.W.3d at 283. The Court of Criminal Appeals remanded the cause to this court for consideration of Williams's remaining appellate issues not addressed in our original opinion. *See id.*

After reviewing Williams's two remaining issues—whether the trial court (1) failed to instruct the jury on the affirmative defense of duress, and (2) erroneously admitted evidence of extraneous offenses during the guilt/innocence phase of her trial—we affirm the trial court's judgment.

## BACKGROUND

On August 4, 2016, Seguin Police Department Detective Jaime Diaz utilized a confidential informant to make a controlled buy of crack cocaine from Williams. Based upon the evidence collected during that transaction, the State charged Williams with delivery of a controlled substance (cocaine) in an amount between four grams and two hundred grams. A jury found Williams guilty of the indicted offense, and Williams elected for the trial court to assess punishment. The trial court sentenced Williams to twenty years' imprisonment.

## DENIAL OF JURY INSTRUCTION ON DURESS

In her first issue, Williams complains the trial court erred by refusing a requested duress instruction. The State argues the trial court properly omitted the duress instruction because insufficient evidence supports the instruction.

*A. Standard of Review*

In reviewing an alleged jury charge error, we engage in a two-step process. *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015); *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). First, we determine whether the charge contained error. *Cortez*, 469 S.W.3d at 598; *Kirsch*, 357 S.W.3d at 649. Second, if we find the charge contained error, we must then determine whether sufficient harm resulted from the error to require reversal. *Cortez*, 469 S.W.3d at 598; *Kirsch*, 357 S.W.3d at 649.

*B. Applicable Law*

The affirmative defense of duress requires the defendant to have "engaged in the proscribed conduct because [s]he was compelled to do so by threat of imminent death or serious bodily injury to [her]self or another." TEX. PENAL CODE ANN. § 8.05(a). To establish compulsion, a defendant must prove that "the force or threat of force would render a person of reasonable firmness incapable of resisting the pressure." *Id*. § 8.05(c). An imminent threat "has two components: (1) the person making the threat must intend and be prepared to carry out the threat immediately and (2) the threat must be predicated on the threatened person's failure to commit the charged offense immediately." *Cormier v. State*, 540 S.W.3d 185, 190 (Tex. App.—Houston [1st Dist.] 2017, pet ref'd). "Threats of future harm are not sufficient to prove duress." *Id*.; *see also Kelso v. State*, 562 S.W.3d 120, 132 (Tex. App.—Texarkana 2018, pet. ref'd) ("A threat of harm at some indefinite time in the future is insufficient to satisfy the requirement of imminence.").

Generally, an accused is entitled to an affirmative defensive instruction on every issue raised by the evidence, regardless of whether such evidence is strong, feeble, unimpeached or contradicted, and even if the trial court believes the testimony is not entitled to belief. *Krajcovic v. State*, 393 S.W.3d 282, 286 (Tex. Crim. App. 2013). However, when a trial court determines that the threat the accused contends compelled her commission of the offense was not imminent,

the trial court properly excludes evidence of the threat. *Kessler v. State*, 850 S.W.2d 217, 222 (Tex. App.—Fort Worth 1993, no pet.).

### C. Analysis

Williams's appellate argument relies solely on her own testimony given during a hearing held outside the jury's presence for the purpose of determining whether the defense could present evidence that entitled Williams to an instruction on duress. Williams testified she was compelled to deliver cocaine by Michael Vanburen, her boyfriend at the time of the offense. Williams stated she feared Vanburen, despite his incarceration at the time, because Vanburen's associate "Charles" watched over her on Vanburen's behalf. Williams explained Vanburen beat her over the course of their thirteen-year relationship. The abuse continued even after Williams ended their relationship, according to Williams.

Williams related a specific incident that occurred approximately two months after the underlying offense, when Vanburen loosened the tires on her vehicle, which caused her to wreck. Williams further related another incident that occurred one month after the underlying offense, when she was in her vehicle and Vanburen deliberately t-boned her vehicle with his. She also testified Vanburen threatened to kill her during the pendency of the underlying trial.

Williams argues this testimony was sufficient to allow the issue of duress to be presented to the jury because the testimony showed "she was compelled to commit the alleged crime by threat of imminent death or serious bodily injury to herself." *See* TEX. PENAL CODE ANN. § 8.05(a).

In this case, however, the evidence does not raise the issue of duress. "The duress defense is based on compulsion by threat, and focuses on the conduct of the person making the threats." *Montgomery v. State*, 588 S.W.2d 950, 953 (Tex. Crim. App. 1979). A defendant's claim of duress must have an objective, reasonable basis. *Cameron v. State*, 925 S.W.2d 246, 250 (Tex. App.—El

Paso 1995, no pet.). Here, the evidence does not support an objective basis for Williams's claim of compulsion as explained below.

The underlying offense in this case occurred on August 4, 2016. Evidence presented during the hearing verified that, at the time of the offense, Vanburen was detained in the Guadalupe County Jail. Further, the specific incidents about which Williams testified occurred after the date of the underlying offense. Although Williams testified during the hearing that she was generally afraid of Vanburen, the record contains no evidence of any specific objective threat to Williams of imminent death or serious bodily harm related directly to the underlying offense. In fact, when Williams was asked "what specific threat did somebody make to you about delivering the drugs August 4th, 2016," Williams answered, "I mean, it's never been a specific threat in any of the [thirteen] years." Additionally, when asked if there was a specific threat made against her on the day of the underlying offense, Williams responded, "a threat, yes, but not one that where he said, I'm going to kill you[.]" Williams followed up by stating Vanburen told her, "You know what I'll do to you when I get out." However, Williams was not able to testify *when* in relation to the threat "Vanburen was going to do something to [her] for not delivering the drugs." Rather, Williams stated she needed a calendar to determine when Williams was bonded out of jail.

"'[M]ore than a generalized fear of harm is required to raise the issue of imminent harm.'" *Kelso*, 562 S.W.3d at 133 (quoting *Stefanoff v. State*, 78 S.W.3d 496, 501 (Tex. App.—Austin 2002, pet. ref'd)). Without evidence of a specific, objective threat, Williams's testimony and assertions about her vague and subjective fears are insufficient as a matter of law to support an instruction on duress. *See Cameron*, 952 S.W.2d at 250 (finding defendant's testimony that he was generally afraid of co-defendant's temper insufficient to support submission of a duress instruction); *Bernal v. State*, 647 S.W.2d 699, 706 (Tex. App.—San Antonio 1982, no pet.)

(defendant's testimony that he feared co-defendant "might get violent" found insufficient to support duress instruction).

We conclude Williams has not shown that she was entitled to an instruction on the affirmative defense of duress. Accordingly, we determine the trial court did not err by refusing to include a duress instruction in the jury charge. Because we find no error, we do not address harm. *See Cortez*, 469 S.W.3d at 598.

Williams's first issue is overruled.

## EXTRANEOUS-OFFENSE EVIDENCE

In her third issue, Williams argues the trial court erroneously allowed the State to elicit improper extraneous-offense testimony during the guilt/innocence phase over her objection. Williams further complains that the trial court failed to give the jury a limiting instruction.

### A. Evidentiary Ruling

Williams argues allowing testimony regarding her previous drug transactions with the confidential informant was error under Texas Rule of Evidence 404(b) because it was not relevant and was improperly offered to show Williams acted in conformity with her character as a drug dealer. Specifically, Williams complains of the following exchange during the confidential informant's testimony:

> [The State:] And prior to August 4, 2016, had you ever bought drugs from April Williams?
>
> [Informant:] Yes. Have I bought it before?
>
> [The State:] Yes.
>
> [Defense]: Judge, I'm going to object. That's 404b.
>
> [The State]: It's not 404, Your Honor. We have to establish how he would even have a relationship with April Williams. Jaime Diaz testified that you can't send someone in to a random person to [buy] narcotics. We're just establishing their relationship.

- 6 -

[The Court]:    Overruled.

[The State:]    Prior to August 4th, had you bought narcotics from April Williams?

[Informant:]    Yes.

1.  Standard of Review and Applicable Law

We review a trial court's ruling on the admissibility of extraneous-offense evidence for an abuse of discretion. *Dabney v. State*, 492 S.W.3d 309, 318 (Tex. Crim. App. 2016). As long as the trial court's decision falls within the zone of reasonable disagreement, we will affirm the decision. *Id*. Furthermore, we will uphold the trial court's ruling if it is correct on any theory of law. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

The erroneous admission of evidence is non-constitutional error. *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018). Unless the error affected Williams's substantial rights, we disregard any non-constitutional error as harmless. *Id*.; *Easley v. State*, 424 S.W.3d 535, 539 (Tex. Crim. App. 2014); *see also* TEX. R. APP. P. 44.2(b). Stated differently, error is reversible only when it has a substantial and injurious effect or influence in determining the jury's verdict. *See Barshaw v. State*, 342 S.W.3d 91, 93–94 (Tex. Crim. App. 2011) (noting that an appellate court "will not overturn a criminal conviction for non-constitutional error if the appellate court . . . has fair assurance that the error did not influence the jury, or influenced the jury only slightly") (quoting *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001)); *see also Gonzalez*, 544 S.W.3d at 373. In assessing whether the error was harmless, we consider the nature of the evidence supporting the verdict, the existence and degree of the additional evidence indicating guilt, the character of the alleged error and how the error might be considered in connection with other evidence in the case, and whether the State emphasized the complained of error. *Gonzalez*, 544 S.W.3d at 373.

Evidence of a defendant's other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that on a particular occasion she acted in conformity with that character. TEX. R. EVID. 404(b)(1); *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). However, extraneous-offense evidence may be admissible when it has relevance apart from character conformity. TEX. R. EVID. 404(b)(2); *Devoe*, 354 S.W.3d at 469.

2. Analysis

Assuming, without deciding, that the trial court's evidentiary ruling was erroneous, we conclude that any error was harmless.

Detective Diaz explained to the jury how the Seguin Police Department arranges and organizes controlled drug buys during a narcotics investigation. According to Detective Diaz, confidential informants must have prior relationships with the targets of controlled buys for safety reasons. Detective Diaz further testified that, on the date arranged for the confidential informant to purchase drugs from Williams, the detective provided the confidential informant with cash to purchase cocaine and two devices to record the transaction—a key fob and a pair of sunglasses capable of video recording.

On the date of the offense, the confidential informant phoned Williams and arranged to buy a "quarter"[1] of cocaine from her. While the key fob recorder did not work, the sunglasses recording device did, and the State played the video recording for the jury. On the video recording, Williams can be seen conducting the drug transaction by weighing a white, crystal-like substance and counting the money the confidential informant gave her in exchange for the substance. After the transaction, the confidential informant provided the substance to the detective. Detective Diaz field tested the substance and identified it as cocaine, which laboratory tests confirmed.

---

[1] The confidential informant explained that a "quarter" is seven grams of cocaine.

Additionally, still frame photos made from the video recording that focused on Williams were also submitted to the jury. Thus, the evidence of Williams's guilt was substantial.

Finally, we note that the State did not emphasize the alleged error. During the State's rebuttal to Williams's closing argument, the prosecutor briefly mentioned Williams selling drugs to the confidential informant in the past to explain why police targeted Williams for a drug investigation.

Considering the nature and existence of the substantial evidence supporting the jury's guilty verdict, as well as the character of the alleged error and how the error might be considered in connection with other evidence in the case, and whether the State emphasized the complained of error, we conclude that the error, if any, was harmless. *See Gonzalez*, 544 S.W.3d at 373. We have more than a fair assurance that the error did not influence the jury or had just a slight effect. *See* TEX. R. APP. P. 44.2(b).

*B. Limiting Instruction*

Williams also complains in her third issue that the trial court failed to instruct jurors about the limits on their use of the extraneous-offense evidence.[2]

1. Standard of Review and Applicable Law

Upon request, the trial court must give a limiting instruction to the jury at the time extraneous-offense evidence is offered. *See* TEX. R. EVID. 105(a); *see also Delgado v. State*, 235 S.W.3d 244, 251, 253 (Tex. Crim. App. 2007) (explaining that "a defendant is entitled to limiting instructions on the use of extraneous offenses during the guilt phase only if [she] timely requests those instructions when the evidence is first introduced"). If the trial court errs by failing to give a

---

[2] In her brief, Williams makes no reference to the jury charge in this case. As Williams has not provided any arguments or analysis relating to jury charge error or the lack of a limiting instruction in the jury charge, we restrict our analysis to the alleged failure to instruct the jury at the time the alleged extraneous-offense evidence was admitted.

limiting instruction when required, we shall determine whether the error is harmless. *See Jones v. State*, 944 S.W.2d 642, 653 (Tex. Crim. App. 1996) (holding that a harmless-error analysis is applicable to the trial court's failure to give a requested Texas Rule of Evidence 105(a) limiting instruction upon admission of extraneous-offense evidence).

However, if a defendant fails to request a limiting instruction under Rule 105(a) at the time the extraneous-offense evidence is admitted, the trial court "has no obligation to limit the use of that evidence." *Delgado*, 235 S.W.3d at 251. "Once evidence has been admitted without a limiting instruction, it is part of the general evidence and may be used for all purposes." *Id*.

2. Analysis

Our review of the record confirms that when the confidential informant testified regarding the alleged extraneous-offense evidence, Williams did not request a limiting instruction. Therefore, Williams waived her right to complain of the trial court's failure to give a limiting instruction at that time. *See Williams v. State*, 273 S.W.3d 200, 230 (Tex. Crim. App. 2008) ("A failure to request a limiting instruction at the time evidence is presented renders the evidence admissible for all purposes and relieves the trial judge of any obligation to include a limiting instruction in the jury charge.") (citation omitted).

Williams's third issue is overruled.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's final judgment.

Irene Rios, Justice

DO NOT PUBLISH