

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00004-CR

Santos **BARRON-VILLARREAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. 22-CR-109
Honorable Jose Luis Garza, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:        Lori I. Valenzuela, Justice
                Adrian A. Spears II, Justice
                Velia J. Meza, Justice

Delivered and Filed: July 9, 2025

AFFIRMED

In two issues, appellant Santos Barron-Villarreal challenges his conviction on two counts

of continuous sexual abuse of a young child. We affirm the trial court's judgments of conviction.

## BACKGROUND

In 2022, a Starr County grand jury indicted Barron-Villarreal on two counts of continuous sexual abuse of his twin granddaughters, A.A.B. and M.A.B.[1] The first count of the indictment alleged that Barron-Villarreal, "during a period that was 30 or more days in duration, namely from on or about the 24th day of February, 2017 through the 13th day of February, 2022, when [Barron-Villarreal] was 17 years of age or older,[2] commit[ted] two or more acts of sexual abuse against A.A.B., a child younger than 14 years of age, namely Aggravated Sexual Assault and Indecency with a Child by Contact[.]" *See* TEX. PENAL CODE § 21.02 (defining continuous sexual abuse of a young child); *id.* § 22.021 (defining aggravated sexual assault); *id.* § 21.11 (defining indecency with a child). The second count of the indictment repeated those allegations but identified the complainant as M.A.B. The twins were almost 10 years old when they first reported the abuse in 2022 and 11 years old at the time of trial.

In 2023, Barron-Villarreal was indicted in a separate cause on one count of continuous sexual abuse of a third granddaughter, A.V. This second indictment alleged that Barron-Villarreal, "during a period that was 30 or more days in duration, namely from on or about the 29th day of May, 2011 through the 29th day of May, 2014, when [Barron-Villarreal] was 17 years of age or older, commit[ted] two or more acts of sexual abuse against A.V., a child younger than 14 years of age, namely two acts of Aggravated Sexual Assault of a Child.[.]" A.V. was 13 years old when she first reported the abuse in 2011 and 25 years old at the time of trial.[3]

---

[1] In this opinion, we will use initials to refer to some parties to protect their privacy. *See* TEX. R. APP. P. 9.10 (defining "sensitive data" in a criminal case to include, *inter alia*, "the name of any person who was a minor at the time the offense was committed").

[2] It is undisputed that Barron-Villarreal was over the age of 17 at all times relevant to this case.

[3] The record shows that A.V.'s allegations of abuse were investigated in 2011, but it does not show why Barron-Villarreal was not charged with a crime at that time.

The two cases were eventually consolidated and tried together. After hearing the evidence, the jury found Barron-Villarreal guilty as charged in all three indictments and recommended that he be sentenced to life in prison and a $10,000 fine for each offense.

On December 13, 2023, the trial court signed three judgments of conviction that were consistent with the jury's verdicts. Barron-Villarreal now appeals. In this opinion, we address only the convictions for continuous sexual abuse of A.A.B. and M.A.B.[4]

## ANALYSIS

### Charge Error

In his first issue, Barron-Villarreal argues he was egregiously harmed by an error in the court's charge.

#### Standard of Review and Applicable Law

"The purpose of the trial judge's jury charge is to instruct the jurors on all of the law that is applicable to the case." *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012). "Because the charge is the instrument by which the jury convicts, [it] must contain an accurate statement of the law and must set out all the essential elements of the offense." *Id.* (internal quotation marks omitted, alteration in original). "The offense of continuous sexual abuse of a child has five elements: (1) a person (2) who is seventeen or older (3) commits a series of two or more acts of sexual abuse (4) during a period of thirty or more days, and (5) each time the victim is younger than fourteen." *Hines v. State*, 551 S.W.3d 771, 781–82 (Tex. App.—Fort Worth 2017, no pet.) (citing TEX. PENAL CODE § 21.02(b)). The specific acts of sexual abuse alleged in the indictment at issue here were aggravated sexual assault and indecency with a child. A person commits aggravated sexual assault if, *inter alia*, he intentionally or knowingly "causes the penetration of

---

[4] Barron-Villarreal's challenge to his conviction for abusing A.V. is currently before this court in cause number 04-24-00005-CR and will be addressed in a separate opinion.

the anus or sexual organ of a child by any means" or "causes the sexual organ of a child to contact . . . the mouth, anus, or sexual organ of another person, including the actor" and "the victim is younger than 14 years of age[.]" TEX. PENAL CODE § 22.021(a). A person commits indecency with a child if, *inter alia*, he "engages in sexual contact with the child or causes the child to engage in sexual contact[.]" *Id.* § 21.11(a)(1).

In criminal cases, we apply a two-step analysis to claims of charge error. *See Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). We must first determine whether the charge contains error. *Id.*; *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). A charge is erroneous if, *inter alia*, it "incorrectly applies the pertinent penal law to the facts of a given case[.]" *Cortez*, 469 S.W.3d at 598. If the charge does not contain error, "our analysis ends." *Johnson v. State*, 676 S.W.3d 918, 925 (Tex. App.—Houston [14th Dist.] 2023, no pet.).

If we find error, we then turn to whether the appellant was harmed. *Ngo*, 175 S.W.3d at 743. Where, as here, the appellant did not object to the purported error at trial, we will not reverse the trial court's judgment "unless the record shows 'egregious harm' to the defendant." *Id.* at 743–44.

*Application*

Barron-Villarreal does not dispute that the court's charge set out the essential elements of the offenses with which he was charged. However, he contends it erroneously permitted the jury to convict him based on conduct that occurred before A.A.B. and M.A.B. were born in February 2012. As support for this assertion, he challenges the following paragraph:

> You are instructed that the allegations that the offenses of Continuous Sexual Abuse of a Young Child in Cause Number 22-CR-109 were committed from on or about the 24th day of February 2017 through the 13th day of February, 2022, does not bind the State to any one particular date but may include any day from September 1, 2007, until August 31, 2022, the day the indictment was filed. There is no statute of limitations for Continuous Sexual Abuse of a Young Child. (emphasis added).

Barron-Villarreal argues he was egregiously harmed by the inclusion of the underlined language in the charge because the State did not present any evidence that he abused A.A.B. and M.A.B. between September 1, 2007 and their birth.

"It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997). We have previously recognized that the legislature intended for the offense of continuous sexual abuse of a young child "to address sexual assaults against young children who are normally unable to identify the exact dates of the offenses when there are ongoing acts of sexual abuse." *Baez v. State*, 486 S.W.3d 592, 595 (Tex. App.—San Antonio 2015, pet. ref'd) (internal quotation marks omitted). Accordingly, a trial court does not err by "instruct[ing] the jurors that in a prosecution for continuous sexual abuse of a young child, the State is not bound to prove the exact dates alleged in the indictment." *Martin v. State*, 335 S.W.3d 867, 874 (Tex. App.—Austin 2011, pet. ref'd).

Here, the first date identified in the challenged instruction—September 1, 2007—is the effective date of the statute that codified the offense of continuous sexual abuse of a young child. *See Moreno v. State*, 619 S.W.3d 754, 759 n.1 (Tex. App.—San Antonio 2020, no pet.). The second—August 31, 2022—is the date the indictment was filed in this case. The language Barron-Villarreal challenges on appeal thus instructed the jury that it could not consider any conduct that occurred before the applicable statute took effect or after Barron-Villarreal was indicted. Barron-Villarreal cites no authority that such an instruction injects error into a court's charge, and we have found none.

It is true that this date range, when considered in isolation, includes approximately five years before A.A.B.'s and M.A.B.'s birth. However, we do not review claims of charge error by examining a single portion of the charge in isolation. *See Vasquez*, 389 S.W.3d at 366. This principle is significant here because the unchallenged portions of the charge placed an additional time limitation on the jury's review of the evidence. Specifically, the application paragraph asked the jury to determine whether Barron-Villarreal "commit[ted] two or more acts of sexual abuse against" A.A.B. and M.A.B. when they were "younger than 14 years of age[.]" This language necessarily restricted the jury's consideration to acts of sexual abuse that Barron-Villarreal committed against A.A.B. and M.A.B. during their lifetime.

When read as a whole, the charge instructed the jury to consider only acts that occurred during a time when: (1) the applicable statute was in effect; (2) Barron-Villarreal had been indicted under that statute; and (3) A.A.B. and M.A.B. were alive and young enough to fall within the statute's reach. Because these time limitations correctly applied the pertinent penal law to the facts of this case, we see no error in the court's charge. TEX. PENAL CODE § 21.02(b); *Baez*, 486 S.W.3d at 599. We therefore need not address Barron-Villarreal's claim of egregious harm. *Baez*, 486 S.W.3d at 599.

We overrule Barron-Villarreal's first issue.

### *Admission of Testimony and Records of SANE Nurse*

In his second issue, Barron-Villarreal argues "the trial court erred by admitting the testimony of Sexual Assault Nurse Examiner ("SANE") Herica Garcia Jimenez and admitting the SANE records in State's Exhibit 8 and State's Exhibit 9." He contends the admission of the portions of Jimenez's testimony and records that described A.A.B.'s and M.A.B.'s out-of-court statements to her "violated the Texas Rules of Evidence 803(4) under the hearsay exception and

under the Confrontation Clause of the Sixth Amendment to the U.S. Constitution and Article 1 Section 10 of the Texas Constitution." We will address Barron-Villarreal's confrontation and hearsay complaints separately.

*Confrontation Clause*

"Admission of hearsay evidence against a criminal defendant implicates the Confrontation Clause of the Sixth Amendment because the defendant is not afforded the opportunity to confront the out-of-court declarant." *Guidry v. State*, 9 S.W.3d 133, 149 (Tex. Crim. App. 1999). However, when the out-of-court declarant "appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Crawford v. Washington*, 541 U.S. 36, 59 n. 9 (2004); *Guzman v. State*, 591 S.W.3d 713, 724–25 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Here, A.A.B. and M.A.B. both testified at trial, and Barron-Villarreal had an opportunity to cross-examine them. The admission of Jimenez's narrative regarding their prior out-of-court statements therefore did not violate Barron-Villarreal's confrontation rights. *Guzman*, 591 S.W.3d at 724–25.

*Hearsay*

Barron-Villarreal contends that A.A.B.'s and M.A.B.'s statements to Jimenez do not fall within the hearsay exception of Texas Rule of Evidence 803(4) because the State did not establish that the statements were made for the purpose of diagnosis or treatment. *See* TEX. R. EVID. 803(4). However, we need not decide whether the Rule 803(4) exception applies here, because even if we assume it does not, Barron-Villarreal has not shown he was harmed.

The erroneous admission of hearsay evidence is non-constitutional error subject to harm analysis under Texas Rule of Appellate Procedure 44.2(b). *See, e.g.*, *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

Under this standard, we may not reverse a conviction unless we conclude the error had "a substantial and injurious effect or influence in determining the jury's verdict." *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008). "We should not overturn the conviction if we have fair assurance from an examination of the record as a whole that the error did not influence the jury, or had but slight effect." *Id.*

The admission of improper hearsay evidence is harmless if the same or similar evidence is offered elsewhere without objection. *See, e.g.*, *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991); *Eggert v. State*, 395 S.W.3d 240, 244 (Tex. App.—San Antonio 2012, no pet.). Additionally, the uncorroborated testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child "if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred."[5] TEX. CODE CRIM. PROC. art. 38.07(a); *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.).

In both her trial testimony and her written SANE reports, Jimenez recounted A.A.B.'s and M.A.B.'s out-of-court statements that Barron-Villarreal penetrated their labia majora with his penis, tongue, and fingers.[6] A.A.B. and M.A.B. described those same acts of abuse during their own trial testimony. They further testified that Barron-Villarreal committed those acts multiple times during their Easter break in 2021 and again in November of 2021. Both girls also testified that they had seen Barron-Villarreal sexually abuse the other twin.

In addition to the twins' testimony, the State presented a transcript of Barron-Villarreal's own statement to police, in which he admitted that he engaged in unclothed genital-to-genital

---

[5] It is undisputed that A.A.B. and M.A.B. reported the abuse to their parents and law enforcement less than one year after it occurred.

[6] Jimenez testified without objection that "penetration" for the purpose of a sexual abuse investigation includes penetration of the labia majora. Barron-Villarreal has not challenged this portion of Jimenez's testimony on appeal.

contact with both girls "[l]ike two or three times." The police officer who interviewed Barron-Villarreal testified that the acts described in the statement met the statutory definitions of indecency with a child and aggravated sexual assault of a child.

Even if the trial court had excluded Jimenez's testimony and the SANE records, a rational jury could have found beyond a reasonable doubt that Barron-Villarreal committed continuous sexual abuse of a young child as charged in both counts of the indictment. *See* TEX. CODE CRIM. PROC. art. 38.07(a); *Garner*, 523 S.W.3d at 271; *see also* TEX. PENAL CODE §§ 21.02(b), (c), 22.021(a)(1)(B)(i), (iii), 21.11(a). Accordingly, the record provides a fair assurance that any error in admitting Jimenez's testimony and the SANE records either "did not influence the jury, or had but a slight effect[.]" *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018).

We overrule Barron-Villarreal's second issue.

#### CONCLUSION

We affirm the trial court's judgments of conviction.

Lori I. Valenzuela, Justice

DO NOT PUBLISH